## PETER PAUGH
### v.
## M. F. PAUGH.

*Forcible Detainer—Lease—Erroneous Description—Ambiguity—Latent —Patent.*

In an action of forcible detainer, the defendant contending that owing to a lease of the premises in question, the plaintiff was not entitled to possession, the only question being as to the admissibility of extrinsic parol evidence to identify the premises, the same not having been described with certainty in said lease, this court declines, in view of the evidence, to interfere with the judgment for the defendant.

[Opinion filed June 12, 1891.]

APPEAL from the Circuit Court of Tazewell County; the Hon. N. W. GREEN, Judge, presiding.

Messrs. THOMAS F. TIPTON and WILLIAM DON MAUS, for appellant.

Messrs. JOSEPH V. GRAFF, T. N. GREEN and W. R. CUR-
RAN, for appellee.

PLEASANTS, J.  This was an action for forcible detainer
commenced March 5, 1890, and on appeal tried by the court
without a jury; judgment was given for the defendant on the
ground that on the 28th of October, 1889, plaintiff had leased
the premises to one Jesse A. Haines for one year from March
1, 1890, and was therefore not entitled to possession when the
suit was brought.

The only question in the case is upon the admissibility ·of
extrinsic parol evidence introduced to identify the premises,
which are not certainly described in said lease.    The proper
description is the S. ½ N. E. ¼ and S. E. ¼ N. W. ¼ of Sec-
tion 10, and the S. ⅓ N. W. ¼ of Section 11, all in T. 22 N.,
R. 2 West, in Tazewell County, Illinois, while in the lease it
is : "The following described real estate in Tazewell County,
Illinois, to-wit : One hundred and twenty-five acres in Sec-
tion 10, also eighty acres in Section 11, T. 22 North, of
Range 2 West." Parol evidence was admitted, over objec-
tion, to show that plaintiff pointed out to Haines the identical
lands in question as those intended by his lease, and also that
he owned these and no other lands in the sections mentioned.

We think it unnecessary to review the numerous authorities
cited on the subject of patent and latent ambiguities and the
admissibility of parol evidence to affect written instruments.
It does not expressly appear from the lease that there were
other lands in those sections, nor by conclusive presumption
from anything expressed in it.   If an inconclusive presump-
tion may be rebutted, why may it not be confirmed by parol
evidence ?   Where the ambiguity is made to appear certainly
only by evidence *dehors* the instrument, why may not such
evidence be resorted to for its explanation ?   The presump-
tion, in the absence of proof to the contrary, that a tract of
land described as a quarter section, contains a certain number
of acres, is hardly stronger than the presumption from the
description of a house as the one known and numbered as No.
— Thirty-second street, that there was more than one house

on that street. Yet the ambiguity in this last description was held to be latent — made to appear by evidence *dehors* the description in the lease. Bulkley v. Devine, 127 Ill. 406. The rule declared and authorities cited in that case (p. 410), we think, justify the ruling of the court below in this, and the judgment will therefore be affirmed.

*Judgment affirmed.*