ELIAS BRACK

*v.*

ALEC BOYD *et al.*

*Opinion filed October 24, 1904.*

1. RES JUDICATA—*what not essential to estoppel by verdict.* It is not essential to an estoppel by verdict, as distinguished from reliance upon the former adjudication as an absolute bar to a subsequent action, that either the same subject matter was involved in the former litigation or that the parties then claimed in the same right or capacity as in the subsequent suit.

2. SAME—*rule as to estoppel by verdict.* Where some controlling fact or question material to the determination of the case has been adjudicated in a former suit and the same fact is again at issue between the same parties, the former adjudication will, if properly presented, be conclusive of the question in the later suit, irrespective of whether the cause of action in both suits is the same.

WRIT OF ERROR to the Circuit Court of Williamson county; the Hon. W. M. BUTLER, Judge, presiding.

In September, 1884, Allen L. Ralls and Sallie A. R., his wife, filed in the county court of Williamson county a petition for the adoption of Mary J. Singleton as their child. In 1885 the said Mary J. was married to one John Boyd and in 1892 died intestate, leaving her husband and Alec and Mattie Boyd, her children and only heirs-at-law. In 1887 the said Allen L. Ralls died testate, seized of eighty acres of land in said county, and leaving surviving him Sallie A. R., his widow, and said Mary J., (then Mary J. Boyd,) his adopted daughter, surviving. By his last will and testament he devised all of his real and personal property to his widow, Sallie A. R. Ralls, for life, with remainder in fee to said Mary J. Boyd. Subsequent to the death of Allen his widow married Elias Brack, and on March 26, 1900, she died intestate, seized in fee of twenty acres of land situated in said county, and leaving surviving her said Elias Brack, her husband, and Alec Boyd and Mattie Boyd, children of Mary J. Boyd. At the September term, 1900, of the circuit court of

Williamson county, Alec Boyd and Mattie Boyd, by John Boyd, their father and guardian, filed a bill for partition, numbered on the docket of that court 715, praying for the partition of the twenty acres of land of which the said Sallie A. R. Brack died seized, and on the same day complainants filed a second bill in the same court, No. 717, praying for the partition of the eighty-acre tract formerly belonging to Allen L. Ralls. In these bills the complainants claimed title to both pieces of land as the children and heirs-at-law of their deceased mother, Mary J. Boyd, who, as alleged, had been adopted by Allen L. Ralls and Sallie A. R. Ralls, his wife. They also claimed title to the eighty acres under the last will and testament of said Allen L. Ralls, through their mother. To both bills plaintiff in error, Elias Brack, and numerous others, were made defendants, and they contested the complainants' title to both pieces of land on the alleged ground of the invalidity of the decree of adoption made in 1884 by the said county court of Williamson county, and also to the eighty acres upon the farther alleged ground that the last will and testament of Allen L. Ralls was invalid. The latter case, No. 717, which involved the title to the eighty-acre tract, was tried first in the circuit court and a decree rendered in favor of the complainants, finding that they were the owners of said land under the will of Allen L. Ralls and also by virtue of the adoption of their mother. From that decree an appeal was prosecuted by the defendants to this court and the same affirmed. (See 202 Ill. 440.) In the opinion filed in that case we sustained the will of Allen L. Ralls and held complainants' title good under it, but declined to discuss or pass upon the question of the legality of the adoption of said Mary J. We did, however, by our judgment, affirm the decree of the circuit court without qualification. Thereupon the complainants filed a supplemental bill in the other case, (No. 715,) setting out the decree of the circuit court and the order of affirmance in this court, and relying upon the same as *res judicata* as to the validity of the adoption proceedings in said county court and as to the

title of the complainants as owners in fee of the twenty-acre tract of which Sallie A. R. Brack (formerly Ralls) died seized. A decree was entered by the circuit court sustaining the allegations of the supplemental bill and holding the complainants to be the owners in fee of said tract and ordering partition thereof. From that decree a writ of error has been prosecuted to this court and two grounds of reversal are urged: First, that the court below erred in sustaining the supplemental bill as to the question of *res judicata;* and second, that said adoption proceedings are illegal and void.

W. W. CLEMENS, for plaintiff in error.

W. W. DUNCAN, and E. E. DENISON, for defendants in error.

Mr. JUSTICE WILKIN delivered the opinion of the court:

The decree rendered by the circuit court in case No. 717 finds all of the allegations in complainants' bill to be true as therein stated, and expressly finds, among other things, "that by virtue of the decree of adoption entered by the county court of Williamson county on September 16, 1884, Mary J. Singleton, the mother of complainants, was then and there, in accordance with the statute in such cases made and provided, duly adjudged and decreed by the said county court to be the adopted child of said petitioners, Allen L. Ralls and Sallie A. R. Ralls, his wife; and that it was duly adjudged and decreed by said order of said court that Mary J. Singleton be thenceforth the adopted child of said petitioners, and capable of inheriting their estate and changing her name to that of Mary J. Ralls, and that said decree of adoption was legal and binding in every respect and in accordance with the statute of the State of Illinois in such case made and provided, and that from the date thereof and by virtue thereof the said Mary J. Ralls was the adopted daughter of the said Allen Louis Ralls and Sallie Ann Rebecca Ralls, and capable of inheriting their said estate, and so re-

mained up to the time of her death; * * * that by vir-
tue of the said judgment and decree of adoption of the said
Mary Jane Boyd, mother of the said Alec Boyd and Mattie
Boyd, as well as by virtue of the said last will of the said
Allen Louis Ralls, deceased, the complainants, Alec Boyd
and Mattie Boyd, are the owners of the said real estate as
tenants in common, in fee simple." The judgment affirming
that decree in this court was as follows: "And being now
sufficiently advised of and concerning the premises, * * *
therefore it is considered by this court that the decree afore-
said be affirmed in all things and stand in full force and
effect, notwithstanding the matters and things therein as-
signed for error."

It is conceded that the parties complainant and defend-
ant in case No. 717 are identical with the parties complain-
ant and defendant in the present case, but it is insisted by
counsel for plaintiff in error that the decree in the former
case is not *res judicata* as to this case, because the complain-
ants there were not claiming the same subject matter nor in
the same right or capacity as in the present case. It is not
necessary, in order to constitute the defense of *res judicata*
by way of estoppel by verdict, that either the same subject
matter was involved in the former action or that the parties
then claimed in the same right or capacity. Defendants in
error do not contend that the former decree is a bar to the
prosecution of a second suit for the same cause of action, but
insist that such decree is effective as a bar or estoppel when-
ever the same question is brought in issue in another suit
between the same parties upon a different cause of action,
and this distinguishes the case from those in which a former
adjudication is relied upon as an absolute bar to a subsequent
action, in which, admittedly, it must be shown that the cause
of action is the same in both proceedings, and in which, al-
though the particular form of action may not be important,
there must be, as between the two actions, identity of parties,
of subject matter and cause of action. This case falls within
the other rule, which is, that where some controlling fact or

question material to the determination of both causes of action has been adjudicated in a former suit and the same fact or question is again at issue between the same parties, its adjudication in the first will, if properly presented, be conclusive of the same question in the later suit, irrespective of whether the cause of action is the same in both suits or not.

A leading case in this State upon this question is *Hanna* v. *Read,* 102 Ill. 596. There Ezra B. Read, owning real estate in Indiana and in this State, made two deeds, one conveying the Indiana land directly to his wife, and the other conveying the Illinois land to her through a third party. A bill was filed in the circuit court of Vigo county, Indiana, to set aside the conveyance in that State on the alleged ground that the grantor, Ezra B. Read, was at the time of its execution of unsound mind, incapable of making the deed, and that he was unduly influenced to execute the same. The answer of the defendant denied both allegations, and upon the hearing a decree was rendered sustaining the bill and finding that the grantor was of unsound mind and incapable of making said instrument. Afterwards, in a suit between the same parties in this State to set aside the conveyance of the Illinois lands, the decree rendered in the Indiana court was set up by the complainants as *res judicata,* but the circuit court refused to admit the transcript of the record of the circuit court of Vigo county as evidence to sustain the bill. In reversing that ruling it was said (p. 602) : "Where the former adjudication is relied on as an answer and bar to the whole cause of action, or, in other words, where it is claimed to be an answer to all the questions involved in the subsequent action, then it must appear   *   *   *   that the cause of action and thing sought to be recovered are the same in both suits. The former adjudication in cases of this class is technically known as estoppel by judgment,  * * *  but where some specific fact or question has been adjudicated and determined in a former suit and the same fact or question is again put in issue in a subsequent suit between the same parties, its determination in the former suit, if properly pre-

sented and relied on, will be held conclusive upon the parties in the latter suit, without regard to whether the cause of action, is the same in both suits or not. This species of estoppel is known to the law as an estoppel by verdict, and is equally available to a plaintiff in support of his action, when the circumstances warrant it, as when offered by a defendant as matter of defense."

The above case has been referred to with approval in a line of later Illinois decisions, and is the settled law of this State. Applying the principle there announced to the case at bar, it is clear that the decision below must be sustained. One of the important questions at issue in the former case was the legality of the adoption of Mary J. Singleton by the county court of Williamson county, and that issue was determined by the decree below in favor of its validity, which decree remains unreversed, in full force and effect. The same question arose upon the supplemental bill in case No. 715, and is the controlling question in the case. The action being between the same parties, the final decree in No. 717 is an estoppel by verdict against defendants below and plaintiff in error here. This disposes of the case without reference to the contention that the adoption proceedings in the county court are illegal and void. We are, however, of the opinion that in this collateral proceeding that decree or order cannot be held void, whatever might be the result in a direct attack upon the proceedings in that court.

In view of what we have already said on the question of *res judicata,* it will be unnecessary to extend this opinion by a discussion of the second question raised upon this writ of error.

The decree of the circuit court is in conformity with the law and facts in this record, and it will accordingly be affirmed.                              *Decree affirmed.*