(No. 18560.—

A. E. KOPPRASCH, Appellant, *vs.* EMILY SATTER, Appellee.

*Opinion filed June 23, 1928.*

JOHN E. OWENS, for appellant.

SAMUEL J. LUMBARD, and DELAVAN B. COLE, for appellee.

Mr. CHIEF JUSTICE DEYOUNG delivered the opinion of the court:

A. E. Kopprasch filed a bill in the circuit court of Cook county against Emily Satter to compel the specific performance of the following agreement:

"*March 30, 1926.*

"Received of A. E. Kopprasch ($100) one hundred dollars, deposit on $3500 for purchasing property at 1332 Melrose St. Balance $3400 to be paid when papers are completed.

EMILY SATTER."

The complainant alleged in this bill that since the execution of the agreement he had repeatedly requested the defendant, without avail, to furnish a complete merchantable abstract of title or title guaranty policy; that he offered to pay the defendant $3400, the balance of the purchase price, on the delivery of such an abstract or guaranty policy and a statutory warranty deed conveying the premises, and that, although he was ready, willing and able to perform the agreement, the defendant refused to do so. The defendant filed a general and special demurrer to the bill and the demurrer was sustained. The complainant elected to stand by his bill, and it was dismissed for want of equity at his costs. From that decree the complainant prosecutes this appeal.

The question upon which the decision in this case turns is whether the contract by its terms is sufficiently specific and certain to warrant a decree directing it to be specifically performed. To enable a party to a contract for the sale of land to enforce specific performance of it the contract must be in writing, and, while no particular form is required, the contract, or some note or memorandum thereof, must be complete in itself and cannot rest partly in writing and partly in parol. (*Farwell* v. *Lowther,* 18 Ill. 252; *Purinton* v. *Northern Illinois Railroad Co.* 46 id. 297; *Hamilton* v. *Harvey,* 121 id. 469; *Winter* v. *Trainor,* 151 id. 191; *Rampke* v. *Beuhler,* 203 id. 384; *Wetmore* v. *Watson,* 253

id. 88; *Weber* v. *Adler*, 311 id. 547; *Kohlbrecher* v. *Guettermann*, 329 id. 246.) A written contract is one which is all in writing, so that all its terms and provisions can be ascertained from the instrument itself. (*Gronowski* v. *Jozefowicz*, 291 Ill. 266; *Sallo* v. *Boas*, 327 id. 145.) When parties reduce their agreement to writing, parol evidence is not admissible to contradict, enlarge, explain or modify the writing. (*Sallo* v. *Boas, supra.*) To entitle a party to the specific performance of a contract it is not enough to show that some kind of a contract exists between the parties, but the contract must be so definite and certain in all its terms that the court can require the specific thing contracted for to be done. (*Peiffer* v. *Newcomer*, 326 Ill. 189; *Westphal* v. *Buenger*, 324 id. 77; *Carson* v. *Davis*, 171 id. 497; *Koch* v. *National Union Building Ass'n*, 137 id. 497.) A contract for the sale of land must definitely point out the land to be conveyed or furnish the means of identifying the land with certainty. If the contract fails in either of these respects a court of equity will not decree its specific performance. (*Bowman* v. *Cunningham*, 78 Ill. 48; *Hamilton* v. *Harvey, supra; Winter* v. *Trainor, supra.*) Such a contract must on its face describe the particular parcel of land sold, and if the description is uncertain and requires parol evidence to locate the property specific performance cannot be decreed. Where the description contains a patent ambiguity, or one which appears on the face of the writing itself, the uncertainty in the description cannot be cured by extrinsic evidence. *Doyle* v. *Teas*, 4 Scam. 202; *Fisher* v. *Quackenbush*, 83 Ill. 310; *Rampke* v. *Beuhler, supra; Weber* v. *Adler, supra; Kohlbrecher* v. *Guettermann, supra.*

The instrument in question does not state in which city, county or State the "property at 1332 Melrose St." is situated, nor does it refer to such extrinsic facts as would aid in pointing out the property intended to be designated with any degree of certainty. There is no reference to ownership, occupation, or any other fact which would make the

description apparently definite and by which it could be applied to some specific parcel of property. The description on its face is not definite. The ambiguity is patent and can not be explained by extrinsic evidence concerning the intention of the parties. Moreover, the papers to be completed are not defined, the time of their completion is not fixed, and the character of the conveyance to be made, if any, is not specified. The instrument is so uncertain and ambiguous that a court of equity will not decree its specific performance. *Winter* v. *Trainor, supra; Weber* v. *Adler, supra.*

The circuit court properly sustained the demurrer and dismissed the bill for want of equity, and its decree is affirmed.

*Decree affirmed.*