(No. 20334.—

SOL RUBIN, Plaintiff in Error, *vs.* SARAH KOHN *et al.* Defendants in Error.

*Opinion filed April 23, 1931—Rehearing denied June 3, 1931.*

CLARK & CLARK, (EDWARD M. KEATING, of counsel,) for plaintiff in error.

SLOTTOW & LEVITON, (CHARLES LEVITON, of counsel,) for defendants in error.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

Sol Rubin filed a bill in the superior court of Cook county against Sarah Kohn and David Kohn to establish an equitable interest in certain real estate in the city of Chicago and for other relief. The defendants interposed a plea, which was sustained, and the court, by its decree, dismissed the bill for want of equity. This writ of error is prosecuted to review the record.

It is alleged in the bill that on June 7, 1919, Elva Talcott conveyed to Sarah Kohn, by warranty deed, in consideration of $22,000, lots 13 and 14 in block 1 in Derby's subdivision of the northeast quarter of the northeast quarter of section 15, township 39 north, range 13 east of the third principal meridian, in Cook county; that the deed was filed for record on August 18, 1919; that Sarah Kohn paid no part of the purchase price, but that David Kohn paid $12,000 and the complainant the remaining $10,000; that Sarah Kohn has been in possession of the property since it was conveyed to her and has collected and appropriated all its rents and profits, and that she, without the knowledge or consent of the complainant, conveyed the property in trust to secure the payment of her indebtedness. The prayer of the bill is that the complainant be declared to be the equitable owner of an undivided ten twenty-seconds interest in the property; that she account for the same proportion of the rents and that she disclose the uses and purposes to which she applied the money for which she incumbered the property and make accounting therefor.

The defendants in error, Sarah Kohn and David Kohn, interposed a plea under oath in which they aver that on May 29, 1922, the former filed a bill in the circuit court of Cook county against David Kohn, Wilkin J. Kohn and the

plaintiff in error; that in this bill Sarah Kohn alleged that she was the owner of the northwest corner of West Twelfth street and Homan avenue in the city of Chicago; that the plaintiff in error had theretofore filed for record an affidavit in which he claimed an interest in this parcel of real estate; that the affidavit was a cloud upon her title, and that it should be removed as such; that Wilkin J. Kohn and David Kohn filed their appearance in the suit and their consent to a decree as prayed; that the plaintiff in error answered the bill charging that the complainant Sarah Kohn and the defendants David Kohn and Wilkin J. Kohn conspired to deprive him of his interest in the property; that she, Sarah Kohn, held the legal title thereto in trust for the two persons with whom she so conspired and the plaintiff in error and that his interest was one-third of the profits derived from a sale of the property.

Further averments in the plea are that more than a year later the plaintiff in error filed a cross-bill in the same suit against Sarah Kohn, David Kohn and Wilkin J. Kohn; that in his cross-bill he claimed interests in the various properties of the cross-defendants other than the property at West Twelfth street and Homan avenue; that he alleged in his cross-bill, among other things, that pursuant to an arrangement with the cross-defendants, he negotiated for the purchase of the two lots described in the bill of complaint in the present suit, both of which lots were improved with buildings, for the sum of $22,000, and for the adjoining building at $16,500; that at the time fixed for the consummation of the purchase, David Kohn, who had agreed to pay the purchase price, did not have sufficient money for that purpose; that the vendor refused to accept mortgages in lieu of money, but granted Kohn the alternative of performing the contract within five days or suffering its cancellation; that the plaintiff in error, through his acquaintance with the officers of the Mid-City Trust and Savings Bank, induced the bank to lend Kohn $10,000 for sixty days and

the contract of purchase was consummated; that the title to the properties was taken and held by Sarah Kohn, and that it was agreed that the plaintiff in error should receive for his services, and that he owns, an undivided one-third interest in each of the several parcels of property.

It is averred in the plea that after a demurrer to the cross-bill was sustained the plaintiff in error filed an amended cross-bill in which he alleged that an agreement was made in February, 1919, by which David Kohn and Wilkin J. Kohn constituted the plaintiff in error their exclusive agent for the purchase and sale of real estate and under which he was to receive one-half of all the profits realized from such operations; that the plaintiff in error negotiated the purchase of the buildings known as Nos. 4031, 4033 and 4037 West Madison street, Chicago, the first two for $22,000 and the third for $16,500; that David Kohn paid the purchase price although the title was acquired by Sarah Kohn, and that the plaintiff in error owns an undivided one-half interest in the properties above the price paid therefor. The defendants in error, in their plea, set forth that demurrers to the amended cross-bill were sustained; that the amended cross-bill was amended and further amended and finally that answers were filed thereto, one by David Kohn and Wilkin J. Kohn, and the other by Sarah Kohn, both denying that the plaintiff in error had a contract with them by or under which he had or could have an interest in their properties, and particularly in the lots in question, and denying his right to an accounting.

Other averments of the plea are that Sarah Kohn, the original complainant, pursuant to leave granted, filed a supplemental bill of complaint making Fred E. Hummel, trustee in bankruptcy of the estate of Sol Rubin, a bankrupt, a defendant to her suit; that thereafter on July 13, 1927, the circuit court entered a final decree granting the relief sought by the defendant in error Sarah Kohn, and dismissing the amended cross-bill as amended for the want of equity; that

the plaintiff in error prosecuted an appeal to the Appellate Court for the First District and that court affirmed the circuit court's decree; that thereafter a petition for writ of *certiorari* to the Appellate Court was filed in this court but that on June 28, 1928, the prayer of the petition was denied and the judgment of the Appellate Court became final.

It is finally averred in the plea that the claims of the plaintiff in error to an interest in the real property described in the bill of complaint in the present suit were adjudicated in the former suit; that it was there determined that he had no interest in the property; that the decree rendered in that case remains in full force and effect, is binding upon the plaintiff in error, is final and conclusive and is a bar to the assertion by him in this suit of any interest in the same property. Copies of the bill of complaint in the former suit, the answer, the cross-bill, the amended cross-bill with its amendments, the answers thereto and the supplemental bill are attached to the plea as exhibits and are made parts thereof.

The plaintiff in error contends that the superior court erred in sustaining the plea and dismissing the bill for want of equity. No replication was filed, but the plea was set down for argument. In such a state of the pleadings, under the rules of practice in chancery cases, the truth of the averments of the plea is admitted. (*Snow* v. *Counselman,* 136 Ill. 191; *Perry* v. *United States School Furniture Co.* 232 id. 101). The question to be decided therefore is whether the facts averred in the plea constitute a defense to the bill.

The lots in question were conveyed to Sarah Kohn. According to the allegations of the cross-bills, both original and amended, the purchase price, $22,000, was paid by the defendant in error David Kohn. In both cross-bills, the plaintiff in error based his claim to an interest in the lots upon services rendered, as an agent or broker, in Kohn's behalf, and in his present bill, he changes the basis of his claim from services rendered to the payment of ten twenty-seconds of

the purchase price. In his original cross-bill he claimed an undivided one-third interest; in his amended cross-bill his claim had grown to an undivided one-half interest, and now he asks a decree declaring him to be the equitable owner of a proportion of the property equal to his alleged contribution in money to the purchase price. He appended to the cross-bill, the amended cross-bill and the present bill statements under his oath that he was familiar with their contents and that the allegations of fact in each of these pleadings were true. If he had any interest in the lots, the existence and manner of creation of that interest were known to him prior to the time he filed his cross-bill in the former suit. His present claim is utterly irreconcilable with the facts averred by him under oath in his successive cross-bills.

The plaintiff in error argues that a resulting trust arose in his favor because he asserts that he contributed $10,000 towards the purchase price of the property. The claim that he paid any part of the purchase price was first made in his present bill of complaint. He alleged in his cross-bills in the former suit that Kohn did not have sufficient money to complete the purchase of the lots and that he, the plaintiff in error, induced the Mid-City Trust and Savings Bank to lend Kohn $10,000 to consummate the purchase. There is no allegation or even implication in either cross-bill that the plaintiff in error became personally liable for or paid the loan or that he contributed any part of the purchase price in any manner whatever. The allegations of his cross-bills negative his present claim for they show affirmatively that David Kohn paid the whole purchase price. If those allegations, twice supported by the oath of the plaintiff in error, were true, no resulting trust could arise in his favor.

The purpose of the cross-bills of the plaintiff in error in the former suit was to establish his claim to an equitable interest in the lots in question. The issue in the former suit was, as it is in this suit, the interest of the plaintiff in error in the lots arising out of his arrangement with David Kohn.

He knew what that arrangement was as well when he filed his first cross-bill as when he instituted the present suit. He was obliged to bring forward his whole case, and it was his duty when he first sought affirmative relief, to assert his claim whether it had its origin in services rendered or the payment of a part of the purchase price. (*Godschalck* v. *Weber,* 247 Ill. 269; *Bacon* v. *Reichelt,* 272 id. 90). In the former suit the plaintiff in error tendered the issue whether he had an equitable interest in the lots and an adjudication upon that issue was required. The merits of the claim of the plaintiff in error were fully considered in the superior court and it was determined that he had no interest legal or equitable in the property. The affirmance of the decree by the Appellate Court and the denial by this court of a writ of *certiorari* for a further review of the record made the decree a final adjudication of the rights of the parties. Where some controlling fact or question has been adjudicated in a former suit and the same fact or question is again put in issue in a subsequent suit between the same parties, the former adjudication, if properly presented and relied upon, will be conclusive of the fact or question in the subsequent suit, irrespective of whether the cause of action in both suits is the same. (*Brack* v. *Boyd,* 211 Ill. 290; *Dempster* v. *Lansingh,* 244 id. 402; *Godschalck* v. *Weber,* 247 id. 269; *City of Chicago* v. *Partridge,* 248 id. 442; *Ferriman* v. *Gillespie,* 250 id. 369; *Chicago Title and Trust Co.* v. *National Storage Co.* 260 id. 485; *Bacon* v. *Reichelt,* 272 id. 90; *Winkelman* v. *Winkelman,* 310 id. 568; *Cranc* v. *Crane,* 341 id. 363). It follows that the decree rendered in the former suit is decisive of the present suit.

The decree of the superior court is affirmed.

*Decree affirmed.*