(No. 24099.—

GEORGE CROCKER *et al.* Appellants, *vs.* GRANT SMITH *et al.* Appellees.

*Opinion filed June 16, 1937.*

J. W. TEMPLEMAN, for appellants.

EVAN WORTH, for appellees.

Mr. CHIEF JUSTICE FARTHING delivered the opinion of the court:

Appellants, George and Earl Crocker, filed their complaint in the circuit court of Logan county against Grant and Ruth Smith, to compel the specific performance of the following agreement:

"This agreement made and entered into this the 11th day of September 1936, by and between Grant Smith and Ruth Smith, his wife, party of the first part, and George Crocker and Earl Crocker, party of the second part; that the party of the first part in consideration of the promises of the party of the second part hereinafter expressed agrees to sell and convey the W½ of the S.E.¼ of Section 12 in township nineteen North, Range 4 West, except 27.25 acres off of the south part thereof for $1300.00.

"And in consideration of the performance of the above by the first party said party agrees to.

| | | |
|---|---|---|
| (Signed) | GRANT SMITH, | Party of the |
| | RUTH SMITH, | first part. |
| | GEORGE CROCKER, | Party of the |
| | EARL CROCKER, | second part." |

The complaint alleged that plaintiffs, in accordance with the agreement, tendered the purchase price to the defendants and requested that defendants execute a good and sufficient warranty deed to the above described property, and alleged that defendants refused to convey the premises to the plaintiffs. The defendants filed a motion to dismiss the complaint on the ground that the description of the land, as set forth in the contract, is too uncertain and indefinite to afford a basis for specific performance. The motion to dismiss was allowed, and plaintiffs have appealed from the decree dismissing their complaint.

The only question is whether the description in the contract is sufficiently definite to warrant a decree for specific performance. In order to enforce specific performance of a contract for the sale of land, it must be in writing, and although no particular form is required, the contract, or some note or memorandum thereof, must be complete in itself and cannot rest partly in writing and partly in parol. (*Kopprasch* v. *Satter,* 331 Ill. 126; *Weber* v. *Adler,* 311 id. 547.) It is not enough to show that some kind of a contract exists between the parties, but the contract must be so definite and certain in all its terms that the court can require the specific thing contracted for to be done. (*Peiffer* v. *Newcomer,* 326 Ill. 189.) A contract for the sale of land must definitely point out the land to be conveyed or furnish the means of identifying the land with certainty before a court of equity will decree specific performance. Where the description contains a patent ambiguity,—*i. e.,* one which appears on the face of the writing itself, the uncertainty of description cannot be cured by extrinsic evidence. *Kopprasch* v. *Satter, supra; Weber* v. *Adler, supra.*

The agreement in question does not state in which county or State the land is situated nor is the number of the meridian given, and there are no other extrinsic facts referred to which would aid in pointing out the property intended to be conveyed. There is no reference to ownership, occupation, or any other fact which would make the description definite. The agreement is so uncertain and ambiguous that a court of equity will not order its specific performance. *Kopprasch* v. *Satter, supra; Weber* v. *Adler, supra.*

The circuit court was right in dismissing the complaint for want of equity, and its decree is affirmed.

*Decree affirmed.*