Louise Lamprecht, Appellant, v. James Gedda and Neinda Gedda, Appellees.

Opinion filed March 1, 1941.

TURNER, HOLDER & ACKERMANN, of Belleville, for appellant.

F. E. MERRILLS, of Belleville, for appellees.

MR. PRESIDING JUSTICE STONE delivered the opinion of the court.

Appellant brought her suit in chancery for specific performance of the following memorandum, called in the pleadings, a contract:

"E. St. Louis, Ill.
May 10, 1938.

"Received of V. C. Leo, $10.00 as deposit for the sale of a piece of property being a part of lot No. 11, containing one acre more or less with the improvements thereon as shown on plat . . .. for the consideration

of $1500.00 in cash and other consideration being a lot located at 75 N. State St. 50 ft. by . . . in E. St. Louis, Ill. Being Lot No. and Block . . . Said lot to be clear and free including taxes paid up to date. I further agree to furnish a certificate of title to show my property clear and free including taxes paid up to date. In case I am not able to furnish a clear title then I am to return the deposit back.

"Expenses for the certificate of title to be paid by the buyer.

"In case there should be trouble by the present railroad crossing either by the railroad people or any one else having control I agree to return deposit."

"James Gedda<br>Neinda Gedda."

She sought by means of specific performance to compel appellees to convey to her by warranty deed the lands described in the complaint. Appellees moved to dismiss the complaint for the following reasons: First, that no privity of contract exists between appellant and appellees; second, that the contract is wholly unenforcible in that it fails to describe the premises that are to be conveyed; third, that the lots sought to be exchanged with the defendants are not described; fourth, that the contract does not show that appellant is the owner of any premises on State street in East St. Louis; fifth, that appellees cannot enforce a specific performance of any premises to them by appellant; also, that there is a failure of consideration.

The books are literally teeming with cases which hold that a contract for the sale of land must definitely point out the land to be conveyed, or furnish the means of identifying it with certainty before a court of equity will decree specific performance; that such contract cannot rest partly in parole and partly in writing; that where a description of the property contains an ambiguity appearing on the face of the writing itself the

uncertainty of the description cannot be cured by extrinsic evidence. Many of these cases are collected and their conclusions reiterated in *Crocker v. Smith,* 366 Ill. 535.

This so-called contract in our judgment is subject to all of the objections leveled against it. It does not name the parties; nobody is bound by it, unless by a strained construction the appellees might be,—certainly the appellant is not; it does not at all describe the property to be conveyed either by the defendants or the property to be exchanged therefor, so that anybody can find either piece. Standing alone it comes within the long list of cases referred to and is unenforcible.

Appellant, without any reference to such a thing in his complaint, claims in this court the right to title by reason of a parole contract. The complaint is silent on that subject. She also claims the right to performance and to warranty deed by reason of the fact that she took possession and tendered payment. The offer to make the deed to the lot she owned, if such offer were in fact made, might under the so-called agreement, be any lot that she wished to offer which came anywhere near the partially described premises in the memorandum. Certainly, if the matter were the other way round, appellees could not enforce specific performance against the plaintiff.

We hold that this so-called contract is entirely unenforcible, notwithstanding that plaintiff is now in possession of the property described in the complaint.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*