CHARLES H. AUDE, Plaintiff-Appellant, *v.* THOMAS JONES *et al.,* Defendants-Appellees.

(No. 70-117; 

Second District—April 1, 1971.

Petty & Kightlinger, of Mt. Carroll, for appellant.

Smith, Smith & Smith, of Savanna, for appellees.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

Plaintiff's complaint seeking to recover brokerage fees, based upon a written exclusive listing contract,[1] was dismissed on the pleadings. The court below found that the designation of the property to be sold as "190 acre farm & 197 acre farm" was insufficient as a matter of law and that the defect could not be cured by parol evidence. The court, therefore, dismissed the complaint, which alleged plaintiff was entitled to a commission on a portion of the property alleged to have been sold directly by defendants. The contract was on a printed form submitted by

---

[1] The agreement was entitled "Exclusive Listing Agreement" but its terms provided that plaintiff had the "exclusive right of sale" of the property and was entitled to the commission whether the property was sold by plaintiff or his agent or defendants or their agent.

Aude to the defendants, and Aude inserted the above mentioned description in the listing agreement, which provided a single purchase price of $240,000 with a 3% commission. There was no designation of a county or other reference to the location of the property. The printed form, however, did contain the words "Chadwick, Illinois" in its heading. The Jones' signatures appeared over the printed legend, "property owner".

Plaintiff contends that any vagueness in the property description does not render the contract unenforceable because it is an employment agreement and argues that a factual issue as to the uncertainty of the contract terms was presented which should not have been disposed of by the motion alleging that the complaint was insufficient in law.

■ ■ We find no merit in plaintiff's argument that since an oral contract giving a broker the exclusive right to sell property is enforceable, it follows that any vagueness in the property description in a written document may not render it unenforceable. Plaintiff's reliance on *Graff v. Whitehouse* (1966), 71 Ill.App.2d 412, 417 and *Field v. Ingersoll* (1923), 228 Ill.App. 457, 465 is misplaced. In *Field,* the identity of the listed property was not in dispute, and *Graff* involved an oral contract in which the description was held specific.

■■ However, we are in agreement with plaintiff's further argument that the land description in a contract employing an agent to sell need not be as precise as that required in land sales contracts which may be the subject of suits for specific performance. A greater degree of certainty is required as a basis for specific performance of the contract than is necessary to recover damages for its breach. *Carver v. Brien* (1942), 315 Ill.App. 643, 656, 657; I.L.P. Specific Performance, Section 32; Anno. 30 A.L.R.3d 935, *et seq.*

The question is, how precise must the description in the broker's agreement be if the contract is to be enforced in an action for damages and under what circumstances may an incomplete description be explained by extrinsic evidence?

The description, "190 acre farm & 197 acre farm", with no further reference points in the contract, is clearly insufficient to identify the subject matter of the broker's agreement, without clarification. The court, relying on *Kopprasch v. Satter* (1928), 331 Ill. 126, felt that since the instrument in question did not refer to such intrinsic facts as would aid in pointing out that property intended, it could not be aided by extrinsic evidence. However, *Kopprasch* involved specific performance of a purported agreement to sell land and the application of the requirement of the Statute of Frauds that the contract be complete in itself, and that it not rest partly in writing and partly in parol. Similarly, *Raugstad v. Trocke* (Abst. 1956), 11 Ill.App.2d 245 and *Kraus v. Campe* (1946),

328 Ill.App. 37, cited by defendants, ruled upon the enforceability of land sale contracts. These cases are not authority for the general rule that in seeking to enforce a brokerage agreement, the contract must also contain within itself the intrinsic facts needed to identify the subject matter without resort to parol evidence. Even in those jurisdictions which apply the Statute of Frauds to brokers contracts, the weight of authority recognizes that a defect, uncertainty or ambiguity in the description of the realty may be cured by extrinsic evidence. See Anno. 30 A.L.R.3d 935, *supra*, 946-951.

■■■ In a suit on a contract such as this, extrinsic evidence may be admitted when the terms are incomplete or ambiguous taken alone, if such evidence does not tend to alter, contradict or limit the written agreement. We recognize that the earlier cases defining the parol evidence rule in this state (*Reed & Mann v. Ellis & Bro.* (1873), 68 Ill. 206; *Marshall v. Gridley* (1867), 46 Ill. 247; *Cheney v. Barge* (1887), 26 Ill.App. 182; and *Paugh v. Paugh* (1891), 40 Ill.App. 143 would also seem to preclude extrinsic evidence to *explain* terms used in an agreement, but we do not consider this to be in line with more modern authority. The so-called parol evidence rule is intended to add stability to an agreement which has been reduced to writing, it being then presumed that all understandings are included within the completed document. Whether the writing was intended to supersede all other material, whether the parties thereby intended that the writing embody their entire intention, the completeness and detail of the contract, the aid of counsel in its preparation—are all matters which are relevant to the application of the rule. (See *Unique Watch Crystal Co., Inc. v. Kotler* (1951), 344 Ill.App. 54, 59; *Continental Ill. Nat. Bank v. Nat. Casket Co.* (1960), 27 Ill.App.2d 447, 453; *Rudolph v. O. D. Jennings & Co.* (1962), 38 Ill.App.2d 92, 98; Cleary, Handbook of Illinois Evidence, 2d Ed. Secs. 16.1 *et seq.*) Where description of the subject matter of a writing is ambiguous or uncertain, parol or extrinsic evidence has generally been held admissible for the purpose of clarifying the instrument in this respect. 30 Am.Jur.2d, Sec. 1040; *Bulkley v. Devine* (1889), 127 Ill. 406, 409.

■■ While the exclusive listing agreement here was prepared by plaintiff in the sense that he filled in a printed form, it was not prepared with the aid of counsel, and it was not in such form as to indicate that the parties intended the agreement to embody all details of the subject matter of the transaction. There was, however, a reference to specific acreage, the property was limited as being "farm property", and the defendants signed as "property owner". Under the circumstances, we do

not consider that extrinsic evidence to explain or clarify the subject matter is precluded by the so-called parol evidence rule.

We are of the opinion that the trial court erred in dismissing the complaint with prejudice. The order was based upon the court's opinion that no amendment could add specificity to the listing under the parol evidence rule. In view of our conclusion that extrinsic evidence may be admitted to explain the subject matter of the contract in issue, plaintiff should be permitted to amend his pleadings to show, if he can, that the defendants owned only these two farms, one of 190 acres and another of 197 acres, which were the intended subject matter of the exclusive listing agreement and which could be identified with relation to the property defendants purportedly sold. Similarly, plaintiff should be permitted to amend to meet other defenses raised by defendants motion.

We, therefore, reverse and remand for further proceedings in accordance with this opinion.

Reversed and remanded with directions.

T. MORAN, P. J., and ABRAHAMSON, J., concur.