Edwin B. Bland *et al.,* Plaintiffs-Appellants, *v.* Keith O. Lowery *et al.,* Defendants-Appellees.

(No. 74—280;

Third District—April 30, 1975.

Joseph T. Guerrini, of Marseilles (Keith Leigh, of counsel), for appellants.

Warren, Hayner & Baxter, of Ottawa (John Hayner, of counsel), for appellees.

Mr. JUSTICE STOUDER delivered the opinion of the court:

The plaintiffs, Edwin and Patricia Bland, brought an action in equity against Keith Lowery and Duane Spencer for specific performance of a land contract. This appeal is from the order of the circuit court of La Salle County dismissing plaintiffs' first amended complaint.

During March, 1973, the parties, without benefit of counsel, entered into an option agreement for purchase of land by plaintiffs from defendants. On April 30, 1973, defendants through their attorney informed plaintiffs, through plaintiffs' attorney, of their intention not to go through with the sale to plaintiffs.

. The primary issue on appeal is whether the legal description in the option agreement was legally adequate to allow specific performance of the agreement. Defendants contend the legal description in the option agreement contains patent ambiguities and therefore cannot be cured by extrinsic evidence and accordingly cannot be specifically enforced. Before discussing plaintiffs' contentions we shall first examine the legal description in the option agreement. It reads as follows: "Starting from the North (N) point, proceed 660 ft. due West (W); Beginning from this point, 655 ft. due West (W); from this point 676 ft. due South (S); from this Point 665 ft. due East (E); from this point due North (N) 676 ft.; Also Lot #1 in Rogers Addition The South half of the Northeast Quarter of the Southeast Quarter in Section 12, Township 33, North of Range 333 East of the Third Principal Meridian (Except the East 5 acres of the North Half of the South Half of the Northeast Quarter of the Southeast Quarter) situated in the County of La Salle and State of Illinois * * *."

■■ In *Crocker v. Smith,* 366 Ill. 535, 537, 9 N.E.2d 309, the Illinois Supreme Court recited the general rule regarding patent ambiguities: "Where the description contains a patent ambiguity—*i.e.,* one which appears on the face of the writing itself, the uncertainty of description cannot be cured by extrinsic evidence." This is the established rule in Illinois, and, as can be readily noted here, there is a patent ambiguity on the face of the option agreement. It is impossible to ascertain from examining the agreement where the starting point for the land is located. In accord with *Crocker,* this court holds the ambiguity in the description is patent and cannot be cured by the extrinsic evidence the plaintiffs present to show the exact location of the land. It is accordingly not necessary for this court to discuss the various exhibits presented by plaintiffs in support of its contention that the description of the land can be determined from the documents taken together. It is; however, necessary to briefly distinguish some of their cases. This court has no argument with plaintiffs regarding the general principles enunciated by the court. In *Fowler v. Fowler,* 204 Ill. 82, 100, 68 N.E. 414, the court held: "But a written contract for the conveyance of land is not void for uncertainty in the description of the land sold or conveyed, if from the words employed the description can be made certain by extrinsic evidence of facts, physical conditions, measurements or monuments referred to in the deed." In *Fowler,* the court ordered specific performance of a contract between the seller and his daughter, the vendee, consisting of letters between the father and his daughter's attorney. In one letter the father offered for consideration to assign his interest in his mother's estate. In replying, the daughter's attorney asked for a legal description and the father replied

that the attorney could go to the probate records and get numbers of the property. The court in *Welsh v. Jakstas*, 401 Ill. 288, 296, 82 N.E.2d 53, cited *Fowler* and *Daytona Gables Development Co. v. Glen Flora Investment Co.*, 345 Ill. 371, 178 N.E. 107, for the general proposition: "The contract must either describe the land to be conveyed with such certainty that from the writing itself a deed can be drawn conveying the property intended, or it must furnish the means of identifying it with such certainty that from it a surveyor, by the aid of extrinsic evidence, can locate the property." And in *Welsh* the court held: "In the instant case the description contained in the lease furnished the means of indentifying the roadway. No other description was necessary in order to enable the surveyor to find and, by actual measurement, ascertain the length, width and the location of the roadway and the correct legal description thereof. The extrinsic facts and circumstances of the survey and the parol evidence of the surveyor were required only for the purpose of applying the description contained in the lease and option and thereby locating the roadway, which was the subject matter of the contract." 401 Ill. 288, 296.

Plaintiffs cite *Aude v. Jones*, 132 Ill.App.2d 133, 268 N.E.2d 555, for the proposition that parol evidence is admissible to explain an ambiguity, whether latent or patent. However, the factual situation there involving a brokerage agreement was distinguished by the court from those involving agreements to sell land.

After stating the general rule enunciated in the *Welsh* and *Daytona* cases, plaintiffs argue that the description in the option agreement can be made certain in the instant case from the words employed therein. They argue that since the agreement provided the money for the above described property would be payable upon delivery of a title policy, the description could be made certain by examining the title policy. It should be noted that the plaintiffs here are suing on the option agreement, not on the title policy, and that therefore this situation does not fall within the general rule as stated above. Plaintiffs argue further that the first amended complaint should be construed as a whole, including all of plaintiffs' exhibits, and from these exhibits the intention of the parties is clear regarding the exact description of the land. However, the law in Illinois is well settled that patent ambiguities cannot be cured by the use of extrinsic evidence. *Crocker v. Smith*, 366 Ill. 535, 9 N.E.2d 309.

■■ Plaintiffs argue further that defendants are estopped from asserting that the description of the realty is vague and indefinite. The only case they cite in support of this argument is *Schmalzer v. Jamnik*, 407 Ill. 236, 95 N.E.2d 327, which is distinguishable on its facts since there the con-

tract between the parties totally omitted any description of the land but with the express reservation to insert the description later. In the instant case the doctrine of estoppel is not available to prevent defendants from arguing that plaintiffs cannot use extrinsic evidence to cure defects ·in the legal description in the option agreement.

■■ For the foregoing reasons the judgment of the circuit court of La Salle County is affirmed.

Judgment affirmed.

ALLOY and BARRY, JJ., concur.