EDWIN B. BLAND *et al.*, Plaintiffs-Appellants, *v.* KEITH O. LOWERY *et al.*, Defendants-Appellees.

Third District    No. 76-220

Opinion filed November 9, 1976.

Keith R. Leigh, of Seneca, for appellants.

Warren, Hayner & Baxter, of Ottawa (John Hayner, of counsel), for appellees.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:
Plaintiffs Edwin B. Bland and Patricia A. Bland appeal from a judgment of the Circuit Court of La Salle County granting a motion to dismiss the complaint filed by plaintiffs against defendants Keith O. Lowery and Duane L. Spencer. Plaintiffs Bland had filed a complaint in the Circuit

Court of La Salle County against defendants Lowery and Spencer seeking reformation of a certain option agreement for the purchase of real estate and for specific performance of the reformed option agreement, or, in the alternative, seeking an award of damages for breach of the option agreement as reformed. Defendants moved to dismiss the complaint and alleged in such motion that a prior action between the parties finally and conclusively determined the issues set forth in plaintiffs' complaint, and that it was, therefore, a bar under the doctrine of *res judicata.* The trial court granted defendants' motion to dismiss.

On January 2, 1974, the same plaintiffs brought an action in equity as against the same defendants seeking specific performance of the real estate option contract. The defendants filed a motion to dismiss plaintiffs' complaint, which was granted by the trial court on July 26, 1974. In *Bland v. Lowery* (3d Dist. 1975), 27 Ill. App. 3d 867, 327 N.E.2d 477, this court affirmed the trial court order of dismissal on the ground that the legal description of the property contained in the option agreement was patently ambiguous and would not, therefore, support an order or judgment granting specific performance as requested.

On June 25, 1975, plaintiffs initiated the instant action as against the same defendants who were involved in the previous lawsuit and the previous action to which we have referred, and in the complaint now sought reformation of the option agreement and specific performance of the reformed agreement, and, in the alternative, seeking damages for breach of such agreement. Defendant Spencer was served with process on July 26, 1975, but defendant Lowery was never served with process. On August 15, 1975, defendants filed a motion to dismiss plaintiffs' complaint. Defendants also filed appearances in the case on August 15, 1975. On January 14, 1976, plaintiffs filed a motion to strike defendants' motion to dismiss and a motion for default judgment, on the ground that the motion to dismiss was not filed within 30 days after service of process upon defendants and that defendants' motion to dismiss was not supported by affidavit. A hearing on plaintiffs' motions was held on January 15, 1976. Just prior to the hearing, an affidavit in support of defendants' motion to dismiss was tendered by defendants and accepted by the court. The court thereupon, after consideration of the motion to dismiss, denied plaintiffs' motions to strike and for default judgment. Thereafter, the trial court, in the hearing on the motion to dismiss filed by defendants, determined that the issues presented in prior litigation and determined ultimately in this court in *Bland v. Lowery* (3d Dist. 1975), 27 Ill. App. 3d 867, 327 N.E.2d 477, were res judicata of the issues in the instant case. Defendants' motion to dismiss was, therefore, granted and plaintiffs appeal from such order of dismissal.

■■ The basic issue before us is whether the trial court properly

dismissed plaintiffs' complaint as barred by the doctrine of res judicata. Under the doctrine of *res judicata,* a cause of action once adjudicated by a court of competent jurisdiction cannot be tried again between the same parties or their privies in new proceedings, before the same or a different tribunal, except in an action to set aside or review the prior adjudication. (*Cheatem v. Cook* (1st Dist. 1974), 23 Ill. App. 3d 862, 320 N.E.2d 520.) *Res judicata* will provide a complete bar to a second action, both as to matters actually adjudicated in the first action and to those matters which could have been raised therein, if there is, as between the actions, an identity of parties, of subject matter and of the cause of action. (*Forman v. Martin* (2d Dist. 1975), 26 Ill. App. 3d 1028, 325 N.E.2d 378.) For the doctrine of *res judicata* to operate, an initial judgment between the parties must be determinative in the sense that it is a decision as to the respective rights and disabilities of the parties based on ultimate facts or state of facts disclosed by the pleadings, as in this case, or evidence, if there is a trial, on which the right of recovery depends, irrespective of formal, technical or dilatory objections or contentions.

■■ The supreme court of this State has had occasion to consider the doctrine of *res judicata* in a number of cases. In *Ropacki v. Ropacki* (1933), 354 Ill. 502, 506-07, 188 N.E. 457, the Illinois Supreme Court stated:

"The doctrine of *res judicata* is based upon the principle that a matter, whether consisting of one or many questions, which has been adjudicated by a court of competent jurisdiction, shall be deemed finally and conclusively settled, except upon a direct review, in any subsequent litigation between the same parties in which the same question or questions arise. [Citations.] In case the former adjudication is relied upon as an absolute bar, there must be, as between the two actions, identity of parties, subject matter and cause of action."

It, therefore, becomes pertinent for us to inquire as to the nature of the pleadings in the original case and in the instant case. The determination in each case was based entirely on the allegations in the complaints. Plaintiffs contend that their present action for reformation and specific performance is not the same as their previous suit for specific performance. In the initial action in 1974, the complaint was for specific performance of a certain option agreement, as said option agreement was intended to be modified by certain supplemental documents attached to the complaint. In that case the trial court originally, and, the appellate court, on review, concluded that the option agreement was incapable of being enforced and could not be modified by extrinsic evidence of supplemental documentation. As stated by this court in the case of *Bland v. Lowery* (3d Dist. 1975), 27 Ill. App. 3d 867, 869, 327 N.E.2d 477:

"Plaintiffs argue further that the first amended complaint should be construed as a whole, including all of plaintiffs' exhibits, and from these exhibits the intention of the parties is clear regarding the exact description of the land. However, the law in Illinois is well settled that patent ambiguities cannot be cured by the use of extrinsic evidence. *Crocker v. Smith,* 366 Ill. 535, 9 N.E.2d 309."

The action as originally instituted, as noted by this court on appeal, requested specific performance of an option agreement as allegedly modified by supplemental documentation attached to the complaint. The present action, in the instant case, is for modification of the same option agreement by the same supplemental documentation as a basis for specific performance of the option agreement as so modified. We see an exact parallel in the two complaints, even though the allegation is made in the second complaint that there was mutual mistake, or that defendants were guilty of fraud (without any factual allegations in support), as a basis for reformation. The doctrine of *res judicata,* however, applies to grounds of recovery which might have been raised in the first action but which were not. If reformation of the option agreement was indispensable to a recovery, then allegations of that type should have been incorporated in the original case which was terminated prior to the institution of the present action. As stated by the Illinois Supreme Court in *Godschalck v. Weber* (1910), 247 Ill. 269, 274, 93 N.E. 241:

"The doctrine of *res judicata* extends not only to the questions which were actually decided in the former case, but to the whole controversy,—to all matters properly involved which might have been raised and determined, and to all grounds of recovery or defense which the parties might have presented, whether they did so or not. ' * * * The plea of *res judicata* applies not only to the point upon which the court was required by the parties to form an opinion and pronounce a judgment, but to every point which properly belonged to the subject of litigation, and which the parties, exercising a reasonable diligence, might have brought forward in time.' The principle 'extends not only to questions of fact and law which were decided in the former suit, but also *to the grounds of recovery or defense which might have been but were not presented.'* (*Town of Beloit v. Morgan,* 7 Wall. 619.)" (Emphasis added.)

The court in that case also quoted *Rogers v. Higgins,* 57 Ill. 244, where the court said (247 Ill. 269, 275):

" 'When the complainant before presented his cause of action before the court he should have brought forward and urged all the reasons which then existed for the support of it. The controversy cannot be re-opened to hear an additional reason which before

'existed and was within the knowledge of the party, in support of the same cause of action.' "

What the court is saying in *Godschalck* is that a plaintiff is required to place before the court, all of his grounds for recovery. In the instant case, plaintiffs sought specific performance or alternative damages, based upon the same factual situation as was basically asserted in the original complaint. In *Godschalck*, the court found that plaintiff has had his day in court, and defendant, who successfully defended against him, must not be harried by a series of lawsuits involving the same matter. The general doctrine is also endorsed by the Illinois Supreme Court in *Webb v. Gilbert* (1934), 357 Ill. 340, 352, 192 N.E. 252, where the court said:

> "Property rights and civil liberty cannot be properly safeguarded if parties are to be permitted, after final judgment and decree, to again litigate the same matters. Final decrees and judgments must be permanent in their character in order to give to the citizen a sense of security."

Also, again, in *Rubin v. Kohn* (1931), 344 Ill. 166, 176 N.E. 259, involving an alleged equitable interest in real estate, where the plaintiff who had been a previous defendant, filed a cross-bill in an earlier action as to the same matter and alleged equitable interest in real estate, the court said at page 172:

> "He knew what that arrangement was as well when he filed his first cross-bill as when he instituted the present suit. He was obliged to bring forward his whole case, and it was his duty when he first sought affirmative relief, to assert his claim whether it had its origin in services rendered or the payment of a part of the purchase price. * * * Where some controlling fact or question has been adjudicated in a former suit and the same fact or question is again put in issue in a subsequent suit between the same parties, the former adjudication * * * will be conclusive of the fact or question in the subsequent suit, irrespective of whether the cause of action in both suits is the same."

It is clear from the pleadings that plaintiffs knew all the contentions and matters which were asserted in the complaint in the instant case before filing the complaint in the 1974 case when the plaintiffs first sought reformation as a basis for specific performance.

In the recent case of *Mullaney, Wells & Co. v. Savage* (1975), 31 Ill. App. 3d 343, 334 N.E.2d 795, the Appellate Court of Illinois has again endorsed these conclusions in quoting from *People ex rel. Modern Woodmen of America v. Circuit Court of Washington County*, 347 Ill. 34, 179 N.E. 441, by saying (at pages 349-50 of the *Mullaney* opinion);

> " 'The rule concerning *res judicata* embraces not only what was actually determined in the former case between the same parties or

their privies, but *it extends to any other matter properly involved which might have been raised and determined and to all grounds of recovery or defense which might have been presented.\* \* \*' "*

As an illustration of the extent to which the courts have gone in support of the principle based on *res judicata,* the Appellate Court of the First District in this State in the *Village of Bridgeview v. City of Hickory Hills* (1st Dist. 1971), 1 Ill. App. 3d 931, 274 N.E.2d 925, *cert. denied,* 407 U.S. 921, determined that when a quo warranto proceeding instituted by a State's Attorney had upheld the Village annexation of an avenue, the doctrine of *res judicata* precluded the City from again litigating the question in an action in ejectment by the Village.

In comparing the complaints in the 1974 case and in the cause now before us, in light of the determination by the trial court and the 1974 opinion of this court on review, we must conclude, that since the plaintiffs seek specific performance in this action, that demand is barred under the doctrine of res judicata and even though the complaint seeks reformation of the option agreement to achieve specific performance it is barred by the prior determination for the reason that the doctrine acts not only as a bar to grounds alleged in support of the particular issue raised in a prior proceeding, but to every point which properly is included in the subject of litigation and which might have been raised and determined in a prior proceeding but were not so done. *Liberty Mutual Insurance Co. v. Duray* (1st Dist. 1972), 5 Ill. App. 3d 187, 283 N.E.2d 58.

■■ We, therefore, conclude that the attempt to now assert a cause of action based on the theory that there exists a valid or viable agreement for sale arising from the option agreement and modification thereof, by reason of the attached exhibits or supplementary allegations relating thereto, which asserts matters known to the plaintiffs before filing of the first action was properly dismissed as barred by the doctrine of *res judicata.* Nothing contained in this opinion, however, should be construed as barring an action for damages arising by virtue of the obligation to repay the $200 down payment on the option agreement, which, in fact, did not result in a valid option. Such claim was never asserted and is, therefore, not barred by the doctrine of *res judicata.*

■■ Plaintiff also contends on appeal that the trial court improperly denied plaintiffs' motion to strike defendants' motion to dismiss and also improperly denied plaintiffs' motion for a default judgment. As we have noted, the complaint in this case was filed June 25, 1975. Defendant Spencer was served June 26, 1975, but defendant Lowery was never served. Both defendants joined in the motion to dismiss filed August 15, 1975. Their appearance was filed the same day. Plaintiffs' motion to strike and for default judgment was filed January 14, 1976, and a hearing

thereon was set for January 15, 1976. At the hearing an affidavit in support of the motion to dismiss was tendered by defendants and accepted by the court.

In the 15 days between the time that defendant Spencer's 30-day pleading time normally would have ended and the date the motion to dismiss was filed, no attempt was made by plaintiffs to default defendant Spencer. It was not until five months after the motion to dismiss was filed, and the appearances of both parties was entered, that plaintiffs requested that defendants be defaulted. Under section 50(4) of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 50(4)), it is clear that a default can be entered only for want of an appearance or failure to plead. Both defendants filed appearances and pleaded more than five months prior to the motion for default judgment. Obviously, the trial court properly denied the motions of plaintiffs to strike and default the defendants. The supporting affidavit tendered by defendants was accepted by the trial court on the day of the hearing on the motion to strike. This was proper as noted in *Varap v. Varap* (1st Dist. 1966), 76 Ill. App. 2d 402, 411, 222 N.E.2d 77, which points out that a wide discretion is given to the trial court in permitting pleadings to be amended. There was no arbitrary exercise of discretion in this case in view of absence of service on defendant Lowery and the failure of plaintiffs to attempt to seek a default as to defendant Spencer, until some five months after both defendants filed their appearances. The trial court did not abuse its discretion in allowing defendants to file an affidavit in support of motion to dismiss at the time of the hearing on plaintiffs' motion to strike, or in denying the motion to default defendants.

For the reasons stated, therefore, the judgment of the Circuit Court of La Salle County will be affirmed.

Affirmed.

STOUDER and SCOTT, JJ., concur.