JOSHUA PAGE, Plaintiff-Appellant, v. ILLINOIS CENTRAL GULF RAIL-ROAD, Defendant-Appellee.

Fifth District   No. 5—86—0637

Opinion filed October 19, 1987.—Rehearing denied December 1, 1987.

Rex Carr, of Carr, Korein, Schlichter, Kunin & Montroy, of East St. Louis, for appellant.

Gundlach, Lee, Eggmann, Boyle & Roessler, of Belleville (Richard E. Boyle, of counsel), for appellee.

PRESIDING JUSTICE KARNS delivered the opinion of the court:

Plaintiff, Joshua Page, appeals from the dismissal of his complaint brought under the Federal Employers' Liability Act (45 U.S.C. secs. 51-60 (1982)) against his employer, defendant Illinois Central Gulf Railroad (Illinois Central), for the aggravation of his lung condition caused by exposure to fumes at work. The circuit court of St. Clair County dismissed plaintiff's complaint on the ground that under the doctrine of *res judicata*, plaintiff's action for aggravated injuries (hereinafter *Page* II) was barred by his previous action against Illinois Central for injuries arising from exposure to toxic fumes at work (hereinafter *Page* I). We affirm.

In *Page* I, plaintiff filed a complaint against Illinois Central in October of 1979, alleging that on September 18, 1978, "and for some

periods of time," he, as a painter, was exposed to toxic fumes at work which caused injury to his lungs and respiratory tract. The trial commenced in February of 1982, and on February 25, the jury returned a verdict for plaintiff in the amount of $200,000. Illinois Central paid the judgment in full. Four days after the judgment, plaintiff was disqualified on the basis of his medical condition from continuing to work as a painter for Illinois Central. Plaintiff pursued administrative remedies for his disqualification, but the National Mediation Board denied his claim for compensation and reinstatement to service.

In November of 1982, plaintiff filed *Page* II, seeking damages for aggravation of his lung injury caused by exposure to fumes at work beginning November 1, 1979. The trial court dismissed *Page* II on motion of Illinois Central. The trial court determined from the record of *Page* I and the pleadings, exhibits and affidavits filed in *Page* II that *Page* II alleged no new exposure to fumes subsequent to the trial of *Page* I and that the jury in the prior action was instructed on all past and future damages arising from plaintiff's exposure to fumes up to his last day of work in February 1982. The trial court therefore entered an order dismissing *Page* II on the basis of *res judicata*.

■■ Under the doctrine of *res judicata*, a final judgment on the merits rendered by a court of competent jurisdiction constitutes an absolute bar to a subsequent action involving the same claim, demand or cause of action. (*E.g., Godare v. Sterling Steel Casting Co.* (1981), 103 Ill. App. 3d 46, 50, 430 N.E.2d 620, 622; *Pierog v. H. F. Karl Contractors, Inc.* (1976), 39 Ill. App. 3d 1057, 1060, 351 N.E.2d 249, 252.) The doctrine extends not only to all matters which were actually decided but also to all matters which could have been raised or determined. (*E.g., Spiller v. Continental Tube Co.* (1983), 95 Ill. 2d 423, 432, 447 N.E.2d 834, 838; *Bland v. Lowery* (1976), 43 Ill. App. 3d 413, 416, 356 N.E.2d 1318, 1321.) If the same evidence would sustain both the first and the second action, there is an identity of the causes of action and *res judicata* applies. (See *Keim v. Kalbfleisch* (1978), 57 Ill. App. 3d 621, 624, 373 N.E.2d 565, 568; *Pierog v. H. F. Karl Contractors, Inc.* (1976), 39 Ill. App. 3d 1057, 1061, 351 N.E.2d 249, 252.) Even though a single group of operative facts may give rise to the assertion of different types of relief, or different theories of relief, it is still a single cause of action that exists. *Pierog v. H. F. Karl Contractors, Inc.* (1976), 39 Ill. App. 3d 1057, 1061, 351 N.E.2d 249, 253. See also *Housing Authority v. YMCA* (1984), 101 Ill. 2d 246, 254, 461 N.E.2d 959, 963.

■ At issue in both *Page* I and *Page* II was the progressive injury to plaintiff's lungs and respiratory system caused by exposure to

fumes while working for Illinois Central. The question then becomes whether there is an identity of the causes of action in *Page* I and *Page* II. We answer this question by looking not only to the pleadings in both actions but also to the record and evidence of the first action. See *Hays v. Louisiana Dock Co.* (1983), 117 Ill. App. 3d 512, 516, 452 N.E.2d 1383, 1387; *Bland v. Lowery* (1976), 43 Ill. App. 3d 413, 415, 356 N.E.2d 1318, 1320; *Pierog v. H. F. Karl Contractors, Inc.* (1976), 39 Ill. App. 3d 1057, 1061, 351 N.E.2d 249, 252.

■ Although the pleadings in *Page* I and *Page* II cover different time periods, the evidence in *Page* I was not limited solely to September 18, 1978, and "some periods of time," as alleged in the initial complaint. Rather, the evidence of exposure and injury covered plaintiff's entire working career with Illinois Central, up to the day of trial. Because of such evidence, plaintiff's counsel argued to the jury that plaintiff's exposure to the fumes caused his progressive lung disease and that such disease would disable him from working and make him a "pulmonary cripple." Counsel specifically argued for future damages because of the permanent and progressive nature of plaintiff's disease. He told the jury, based on medical testimony, that plaintiff's condition would only get worse if he were to continue to be exposed to fumes at work. He therefore asked the jury for a verdict large enough to allow plaintiff "to quit work tomorrow." Finally, counsel reminded the jury that plaintiff could not come back in the future to recover further damages as his disease progressed. "This is his only and his last day in court. *** It's it. Final. *** He has one chance for adequate compensation, one chance only. This is his only day in court." Moreover, the instructions given to the jury included a request for future medical costs and future loss of wages for injuries caused by inhalation exposures sustained by plaintiff during his employment with Illinois Central. Obviously, plaintiff's claim in *Page* II, based upon the same core of operative facts, was actually litigated or certainly could have been litigated in *Page* I. Plaintiff seeks duplicate recovery for only one cause of action. With no new exposure or injury to plaintiff after the judgment in *Page* I, we find no error in the trial court's declaring *Page* II to be barred by the doctrine of *res judicata*.

For the foregoing reasons, we affirm the judgment of the circuit court of St. Clair County dismissing plaintiff's complaint.

Affirmed.

HARRISON and LEWIS, JJ., concur.