TOWN OF RAMAPO, Plaintiff, *v.* BENEDICT BOCKAR and Others, Defendants.

Supreme Court, Rockland County, May 25, 1934.

*Morton Lexow* [*Alton W. Teale* of counsel], for the plaintiff.

*Kennedy & Kennedy*, for the defendants.

MORSCHAUSER, Official Referee.   By an order of this court dated January 15, 1934, the issues herein were referred to me to hear and determine and for the entry of judgment thereon and for all

other purposes. Several hearings were had in New City, Rockland county, N. Y., and the case was finally submitted by respective counsel by filing of the briefs and papers and exhibits.

This action is predicated upon the zoning ordinance of the town of Ramapo and also under the authority vested in the town board of the town of Ramapo by virtue of section 349-v, of the Town Law of 1909 as in effect in 1933. The plaintiff seeks judgment for a permanent injunction requiring the defendants to demolish a certain dam constructed on the premises described in the complaint herein and enjoining the defendants and all other persons acting under their permission or license from using a certain lake on such premises for any commercial use. The premises described in the complaint in this action are located entirely within the town of Ramapo and outside of any incorporated village in such town. The premises were zoned by virtue of the zoning ordinance of the town of Ramapo in what is known as an " O1 " district, which is a residential district, and all commercial uses are excluded therefrom, except farming may be conducted and reservoirs or water supply reservations may be constructed. (Zoning Ordinances, § 1, subd. a, ¶ 1.) The contentions of the respective parties are, briefly, as follows:

Plaintiff contends that the ordinance is constitutional; that it was passed and enacted as required by statute; that the construction of the dam without the filing of plans with the building inspector as required by the ordinance was a violation of the ordinance; and further that any use of the lake supported by the dam for other than reservoir purposes is a commercial use and results in the extension of a non-conforming use in this territory which has been zoned for residential purposes; that the defendants are all responsible for the erection, construction and maintenance of the dam and lake and by reason of the fact that they were erected in violation of the ordinance, that the dam should be removed, the lake obliterated and the defendants enjoined from using such land or the lake which is located at the present time upon said premises for any commercial use.

The defendants contend that by reason of the fact that they claim they intended to build this dam and to create this new lake prior to February, 1930, when the zoning ordinance took effect, that they were not required to submit any plans to the building inspector of the town of Ramapo for approval; that the use of the lands cannot in anywise be affected by the enactment of the zoning ordinance and that the work which was done by the defendants upon these lands prior to February, 1930, removes the construction of this lake and dam from the effect of the provisions of such zoning

ordinance and accordingly the plaintiff is not entitled to any relief. The W. & G. Realty Corporation, the other defendant, is not a necessary party to this action. It has no interest in the lands in question or in the use of such lands. It clearly appears in this case that the plaintiff is a municipal corporation and that pursuant to the provisions of chapter 714 of the Laws of 1926, otherwise known as article 17-C of the Town Law of 1909, the plaintiff, through its town board, adopted a zoning ordinance for the town of Ramapo. Due and proper notice of the intention to adopt such ordinance was given. Public hearings were held not only by the zoning commission but also by the town board; that the procedure as outlined in article 17-C of the Town Law of 1909 was followed in adopting such ordinance and that when the same was finally adopted to take effect February 5, 1930, the statute was fully complied with. It will be presumed that such an ordinance is constitutional. (*Matter of Wulfsohn* v. *Burden*, 241 N. Y. 288, 296.)

On two occasions at the request of the respective counsel and with their consent and in company with them, I visited and examined and made observations of the premises and the lake. On the first visit the lake was empty. On the second visit, after the proof was in, the lake was full of water overflowing the spillway. Upon the proof presented in this case and from such visits and observations, I believe the plaintiff would be entitled to judgment for the full relief demanded in the complaint herein.

On the trial, however, the plaintiff made certain concessions concerning the future use of the property, and in particular, what is known as the new lake. The defendant should be given the benefit of these concessions as hereinafter provided.

The zoning ordinance is constitutional and it has been adopted in conformity with the provisions of the Town Law. The work which was done on this property by the defendants prior to February, 1930, was of small proportions. The defendants did not comply with section 948 of the Conservation Law until November 12, 1930. The defendants cannot openly violate one statute and then assert the same act as a legal basis for avoiding the effect of the zoning ordinance. (*Schoenholz* v. *New York Life Insurance Co.*, 234 N. Y. 24; *Van Alstyne* v. *Tuffy*, 103 Misc. 455.)

To permit the use of this new lake for public boating, swimming and fishing, as intended by these defendants, would be the extension of such a non-conforming use in this residential district as would destroy and defeat the purpose and intent of the zoning ordinance.

Therefore, I find and direct that judgment should be entered in favor of the plaintiff enjoining the defendants perpetually from

using the premises and the new lake for any purpose except as hereinafter provided.

(1) For the use as a reservoir and for the storage of water.

(2) For the use of fishing for the actual residents of premises known as the Bockar premises and week-end guests and guests residing upon said premises and for any residents in the town of Ramapo residing within a radius of one-half mile of said new lake, but that such use shall not be commercialized and no charge shall be made to any person for the right or privilege to do such fishing.

(3) There shall be no bathing or swimming in such new lake.

(4) There shall be no boating in or upon such new lake except that the actual and *bona fide* residents occupying bungalows or homes upon the Bockar premises, and also any actual friends or guests occupying said bungalows or homes, may all be permitted to use such new lake for boating and fishing, but that such use shall not be a commercial use, and no charge shall be made to any such person or persons for the privilege or permission to use such new lake for such boating and fishing.

(5) There shall be no other use made of said lake except as hereinbefore provided for.

As to defendant W. & G. Realty Corporation, it does not appear that this defendant either owns, operates or has any control over these premises, and as to that defendant the complaint may be dismissed without costs.

The temporary injunction was properly granted during the pendency of the action, and no damages were sustained by the defendants by reason thereof.

I believe there should be no costs allowed.

Prepare and submit findings.