People of State of Illinois ex rel. Charles Koch et al., Plaintiffs-Appellees, v. William J. Wilson et al., Defendants-Appellants.

Gen. No. 10,556.

Opinion filed March 4, 1952. Released for publication March 31, 1952.

B. H. HUSCHEN, and ARBER, SWAIN & JOHNSON, all of Peoria, for certain appellants; TIMOTHY W. SWAIN, and MISHAEL O. GARD, both of Peoria, of counsel.

EDWARD F. RIELY, of Minonk, for appellees.

MR. JUSTICE WOLFE delivered the opinion of the court.

This is an action in quo warranto, but there was no trial below upon the merits. It comes to us upon an appeal from the order of the circuit court of Woodford county, Illinois, sustaining plaintiffs' motion to strike defendants' amended answer as being insufficient in law to constitute a defense to the amended complaint.

██ ██ Before examining the pleadings, our attention is first drawn to defendants-appellants' contention that the circuit court had no jurisdiction of this cause, because it was not brought in the name of the state's attorney or attorney general as relator. This objection to the jurisdiction was not raised in the circuit court; but irrespective of that, the record precludes such an objection in the situation before us. The facts indisputably are that the six relators had an interest herein that was unique to them, to wit: The land occupied by their respective residences was excluded from, or not included in, defendants-appellants Roanoke-Benson School District, because of a zigzagging of boundary lines by said District, and confirmed by a subsequent election held by said District. The result of this zigzagging, as disclosed by the exhibits of both parties, was to include within the defendants-appellants Roanoke-Benson District the bulk of relators' farmlands but to exclude, or not include the relators' places of residence. This zigzagging of boundaries was alleged by the relators in their complaint, as intentionally designed to exclude them only, and the map exhibits of both parties illustrate this fact. It appears that by such manipulation of the appellant School District boundary, no other persons of the general public were similarly affected. Therefore, the interest of the relators is a private one not common to the general public, and is within the meaning of the quo warranto statute permitting such persons to bring the action upon their own relation. Chapter 112, sec. 10, Ill. Rev. Stat. (1951) [Jones Ill. Stats. Ann. 109.498 (2)]. The amended complaint alleges that the state's attorney

was requested in writing to bring the action. His refusal or failure to do so may be presumed from the lack of any objection in the record from his office to the bringing of the instant suit. With such unique private interests at stake, the relators are the true party plaintiffs and the state's attorney or attorney general has no power to control the prosecution. *People v. Franklin County Building Ass'n*, 329 Ill. 582. The relators having alleged sufficient private interests to constitute themselves, rather than the general public, as the true party plaintiffs, the trial court thereby acquired jurisdiction of the subject matter hereof, for purposes of quo warranto.

The appellant by answer entered a general appearance to the merits, and appellants' objection for the first time here that the relators failed to recite a refusal by the state's attorney to bring the suit, comes too late and has been waived. Jurisdiction of the subject matter has already been acquired by the trial court upon the unchallenged allegations of the amended complaint.

Appellants elected to stand upon their amended answer so stricken as we have above indicated, and our inquiry is therefore now directed to the sufficiency of that pleading.

The trial court, in its opinion as disclosed by the record, found that the relators' complaint was specific and not general in its allegations. The complaint alleged in substance that the defendants-appellants School District deliberately excluded certain areas of land for the purpose of preventing persons residing thereon from voting at an election, although by such election defendants-appellants also sought to annex the greater portion of each relators' land for taxation purposes. The amended answer of defendants-appellants admitted the exclusion, or failure to include these certain portions of land, but denied that the purpose thereof was that alleged in the complaint.

178

The complaint further alleged that such treatment of school district boundaries "amounted to gerrymandering," which defendants-appellants by their amended answer also denied.

The lower court in its opinion ruled that "gerrymandering of that character and for that purpose is condemned in Illinois," and that "the amended complaint alleges facts showing *presumably unapproved* gerrymandering." (Italics ours.) The opinion goes on to find that:

"The answer makes no attempt to justify such gerrymandering or explain the necessity for the zigzagging of lines. The answer thus fails to allege facts sufficient in law to constitute a defense to the amended complaint."

Such a conclusion disregards the specific language of the quo warranto statute concerning answers to specific complaints. The relevant portion of that statute is as follows:

". . . If the plaintiff elects to set forth expressly in the complaint the grounds for an attack on the defendant's claimed right, the defendant may answer the complaint or present a motion directed thereto as in other civil actions, but if the complaint is in general terms, as in this Act provided, the defendant shall by answer disclaim or justify, and if he justifies shall set out the facts which show the lawful authority to exercise the right claimed." Chapter 112, sec. 11, Ill. Rev. Stat. 1951 [Jones Ill. Stats. Ann. 109. 498 (3)].

From the foregoing it is plain that to a specific complaint in quo warranto an answer need not justify; it need only comply with the Civil Practice Act provisions regarding answers in civil actions generally. This, in our opinion, the amended answer of defendants-appellants clearly does. The trial court recognized the amended complaint as being specific, which it is,

179

and the amended answer by denial tendered issues of those facts which it did not admit. We have been cited no authority which holds "gerrymandering" to be an evil *per se,* and no presumption exists in the present law to make it so. An answer to a complaint in quo warranto under our present statute need not contain any justification of specific allegations. It need only deny such allegations to constitute a defense sufficient in law.

This question appears to be of first impression in this jurisdiction. At least, our examination of the cases cited in both parties' briefs reveals no comparable situation on the pleadings. However, in our view of the plain statutory language above cited, no other conclusion can be drawn.

■ Whether or not plaintiffs-appellees' allegation of "gerrymandering" is one of fact, or a legal conclusion subject to being stricken upon motion, it is not before us. Defendants-appellants have chosen to deny it, and no jury demand is shown by the record. The trial court will thus pass upon the issue in any event.

■ We therefore are of the opinion that this case is at issue upon the pleadings as they now stand, except for the new matter alleged in Part III of the amended answer to which plaintiffs-appellees have not as yet replied. The interests of both the relators and defendants will most fairly be served by a trial upon the merits. The issue of alleged "gerrymandering" will there be determined by the evidence. Accordingly, the ruling of the circuit court, upon plaintiffs-appellees' motion to strike the amended answer, is reversed and the cause remanded for such further proceedings as may ensue.

Our examination of other alleged errors assigned for review thus becomes unnecessary.

*Reversed and remanded.*