**Village of Skokie, Appellant, v. Tobias J. Almendinger, and Teresi Almendinger, Appellees.**

**Gen. No. 46,485.**

First District, First Division.
April 18, 1955.
Released for publication May 23, 1955.

Bryant, Colwell & Wells, of Chicago, for appellant.

Edgar J. Elliott, of Wheaton, for appellees.

MR. JUSTICE FRIEND delivered the opinion of the court.

The Village of Skokie sought a mandatory injunction to prevent the operation of a trailer camp by defendants on property located within the village, and to compel the removal of trailers installed on the property. The cause was heard upon stipulated facts and arguments of counsel, pursuant to which the chancellor entered an order dismissing the complaint, from which plaintiff appeals.

The stipulation of facts by the parties is as follows:

"1. That plaintiff is a Municipal Corporation located in Cook County, Illinois.

"2. That defendants are residents of Skokie in Cook County, Illinois.

"3. That plaintiff has a zoning ordinance adopted May 7, 1946. That under the provisions of that zoning ordinance, property of defendants is located in a residential zone and it is not permissible under said ordinance to operate trailer camps in a residential zone.

"4. That defendants are operating a trailer camp on Lots 23, 24 and 57, Laramie-Lawn Subdivision in the North East half of Section 33, Township 41 North, Range 13, East of the Third Principal Meridian in Skokie, Cook County, Illinois; and that the defendants have been using said premises as a trailer park continuously from 1937 to this date.

"5. That prior to the adoption of the zoning ordinance, defendants were owners of Lots 23 and 24; that they acquired title to Lot 57 on April 19, 1949. That prior to the acquisition of title to Lot 57 as aforesaid, the defendants had no title, lease or consent of the owner of said Lot 57 to its use by the defendants for trailer camp purposes, and that said use was without the knowledge or consent of the owner of said property.

"6. That Exhibits 1 to 5, both inclusive, show the location of the trailer camp and its surroundings.

"7. That on May 10, 1952 defendants were served with a notice which required the removal of said trailer camp within 120 days from said last mentioned date, but that the defendants have failed and refused, and still fail and refuse, to discontinue the use of the property for trailer camp purposes.

"8. That the defendants claim the right to continue the use of the property for trailer camp purposes on account of the fact that they claimed such use to be a nonconforming use.

"9. That the plaintiff admits that the use of Lots 23 and 24 is a nonconforming use, but denies that the defendants are entitled to use Lot 57 for trailer camp purposes owing to the fact that such use is contrary to the provisions of the zoning ordinance of the Village."

The complaint alleged that the property in question is zoned for residential purposes, and that the operation of a trailer camp thereon is in violation of the zoning ordinance of the village. By way of defense defendants claimed the right to continue the use of the premises as a trailer camp on the ground that it constitutes a nonconforming use, and that therefore the provisions of the zoning ordinance are not applicable to their property.

Plaintiff takes the position that under the express provisions of the statute the doctrine of a nonconforming use is available only to owners of real estate involved; in other words, that it permits only the one who owns the property at the time of passage of a zoning ordinance to avail himself of a nonconforming use of the property beyond the effective date of the zoning ordinance.

The statute under consideration (Ill. Rev. Stats. 1953, ch. 24, sec. 73—1 [Jones Ill. Stats. Ann. 21.2122]) contains the provision creating the doctrine of nonconforming uses and reads as follows: "In all ordinances passed under the authority of this article, due

allowance shall be made for existing conditions, the conservation of property values, the direction of building development to the best advantage of the entire municipality, and the uses to which the property is devoted at the time of the enactment of such an ordinance. The powers conferred by this article shall not be exercised so as to deprive the owner of any existing property of its use or maintenance for the purpose to which it is then lawfully devoted, . . ."

The stipulated facts disclose that the defendants operated the trailer camp on lots 23, 24 and 57; that prior to the adoption of the zoning ordinance here involved they were the owners of lots 23 and 24, and so as to those two lots the operation of the trailer camp was clearly a nonconforming use. The question presented is whether defendants may invoke the provisions of the statute as to lot 57 which they did not own at the time the ordinance was enacted, but which they used as part of the trailer camp in connection with their own lots 23 and 24, without the knowledge or consent of the owner, title to which they acquired from the previous owner before this suit was instituted.

▮▮ Plaintiff takes the position that since defendants had no title to lot 57 nor consent of the owner to the use thereof as a trailer camp, they were trespassers or squatters and therefore wrongdoers, and accordingly could not claim for themselves the benefit of the provisions of the zoning statute. We think this reading of the statute places too narrow a construction on the legislative intent. The quoted portion of the statute provides that in all ordinances passed pursuant thereto "due allowance shall be made for existing conditions, the conservation of property values, the direction of building development to the best advantage of the entire municipality and the uses to which the property is devoted at the time of the enactment of such an ordinance." Lot 57, along with lots 23 and 24, was used as a trailer camp at the time the ordinance was passed,

and in giving the statute the liberal construction evidently indicated, the question of title is not of paramount importance. If defendants were denied the right to claim a nonconforming use as to lot 57, the powers conferred would deprive the owners of lots 23 and 24 of the right to use or maintain their property "for the purpose to which it is then lawfully devoted," since all three lots were used for trailer-camp purposes. "By the terms of the ordinance, property being used at the time the ordinance was adopted, for . . . a use not conforming to the classification made by the ordinance, shall not be subjected to a different classification than that in which it at that time exists. The right to such nonconforming use is a property right. (Western Theological Seminary v. City of Evanston, 325 Ill. 511.) Any provision of a statute or ordinance which takes away that right in an unreasonable manner, or in a manner not grounded on public welfare, is invalid. (Tews v. Woolhiser, 352 Ill. 212; Forbes v. Hubbard, 348 Ill. 166; Western Theological Seminary v. City of Evanston, 325 Ill. 511.) A zoning ordinance may be, in its general aspects, valid, and yet, as to a particular state of facts involving a particular parcel of real estate, be so clearly arbitrary and unreasonable as to result in confiscation, thereby justifying the interposition of a court of equity to restrain its enforcement. Harmon v. City of Peoria, 373 Ill. 594; Johnson v. Village of Villa Park, 370 Ill. 272; People ex rel. Kirby v. City of Rockford, 363 Ill. 531." Douglas v. Village of Melrose Park, 389 Ill. 98. In the State of New York, in a case in which defendants contended for a nonconforming use, the court held that they were not there entitled to assert such a use because their property was being used in a manner prohibited by the conservation law of the State. Town of Ramapo v. Bockar, 273 N. Y. Supp. 452. In the instant case the use of the property, including lot 57, as a

527

trailer camp was not unlawful within the contemplation of the statute or decisions construing it.

■ The stipulated facts show that defendants were the owners of all three lots at the time suit was brought. In Schneider v. Board of Appeals of City of Ottawa, 402 Ill. 536, the court held that purchasers are entitled to the same rights under the ordinance as would be their grantors. Consequently we think defendants should have the benefit of the nonconforming-use provision of the statute. What the rights of the owner of lot 57 were with respect to the use of the property made by defendants before they acquired title were matters of concern only to the owner and the defendants. The former owner had an election, and he could have claimed that use as a nonconforming one. Having acquired title, defendants now stand in the same position that the owner occupied before the conveyance was made.

For the reasons indicated we are of opinion that the decree and order of the superior court should be affirmed, and it is so ordered.

Order and decree affirmed.

BURKE, P. J. and NIEMEYER, J., concur.