People of the State of Illinois, ex rel. Edward Henderson, et al., Plaintiffs-Appellees, v. Hal Redfern, Board of Supervisors of Macoupin County, Illinois, and W. J. Payes, Jr., Director of Department of Public Works and Buildings, Defendants, Hal Redfern, Defendant-Appellant.

Gen. Nos. 10,740 and 10,755.

Fourth District.

September 26, 1966.

Rehearing denied October 18, 1966.

Phelps, Russell & Boyle, of Carlinville (John W. Russell, of counsel), for appellant.

McGrady & Madden, of Gillespie (D. A. McGrady, of counsel), and Thomas P. Carmody, State's Attorney, of Carlinville, for appellees.

HOFFMAN, J.

This is a proceeding in quo warranto, wherein the right of the defendant Redfern to hold the office of Macoupin County Superintendent of Highways is being questioned. This cause has been here before. (People ex rel. Henderson v. Redfern, 48 Ill App2d 100, 197 NE2d 841.)

The statute pertaining to the appointment of a County Superintendent of Highways provides that it shall be made by the County Board of Supervisors. Ill Rev Stats 1965, chap 121, Div 2, § 5–201. However, the qualifications of an applicant are prescribed by rules and regulations promulgated by the State Department of Public Works and Buildings, chap 121, Div 1, § 4–101.2, and the statute requires that the Department shall determine if an applicant meets these qualifications. Chap 121, Div 2, § 5–201.

The defendant was appointed County Superintendent of Highways by the Board of Supervisors of Macoupin County after he had submitted his qualifications through a questionnaire to the Department of Public Works and Buildings, and had, pursuant to the questionnaire submitted, been certified by the Department to be eligible.

The amended complaint in quo warranto expressly set forth the grounds upon which defendant's right to office was being challenged. Such grounds were that defendant knew that he did not possess the required qualifi-

198

cations for the office, and that he made a false and fraudulent application to the Department of Public Works and Buildings to conceal the disqualification. The State's Attorney of Macoupin County joined in the suit by filing an intervening petition praying that defendant show by what right he claimed to hold the office.

The defendant, answering both the amended complaint and the intervening petition, sought to justify his appointment, but in his plea did not see fit to attach a copy of the questionnaire, containing the Department's questions and his answers thereto, which had been submitted by him to the Department. He insisted that the courts have no right to go behind the administrative conclusion of eligibility, and may not question an administrative finding, in a quo warranto proceeding.

In the first review of this case in this court, it was held that "the questionnaire was the determinative document upon which the Department made its finding of eligibility and it should have been included in any plea of justification." The case was accordingly remanded for pertinent amendment to pleadings and for trial of the issue presented.

Upon return to the Circuit Court, the defendant moved, and was allowed, to amend his pleadings by withdrawing his answer to the amended complaint and intervening petition. He then took the position that this resulted in no issue being presented, and filed a motion for judgment on the pleadings. To this motion he attached the various documents and orders upon which he previously relied for his appointment, plus the questionnaire submitted to the Department which he had been ordered to plead by this court in its first opinion.

This defense motion was denied and defendant was ordered to answer. He failed to answer, and, instead, appealed to this court from the denial of his motion. This obviously was an unappealable order and the appeal was dismissed. Defendant again presented a motion for

judgment on the pleadings, this time arguing that his previous motion with its attachments was his plea in justification. This motion was again denied and the defendant again ordered to answer. He then filed another motion to dismiss the amended complaint. For a third time defendant was ordered to answer. He did not answer, but filed further motions, one even asked for instructions, and attempted another appeal to this court from one of the interlocutory rulings.

Finally, after a year of repeated delays, all brought about by defendant's repetitive filing of motions, attempted appeals of interlocutory and unappealable orders, and refusal to answer or plead, the trial court allowed plaintiff's motion for judgment on the pleadings and entered an order of ouster. From this order, this appeal followed.

■ ■ The statute (Ill Rev Stats c 112, § 11) provides that a complaint in quo warranto may either set forth, expressly, the grounds for an attack on the defendant's claimed right, or, the complaint may be laid in general terms. If the complaint generally calls upon the defendant to show his claim, he must, by answer, disclaim or justify. If he seeks to justify, he must plead all of the facts by which he establishes a valid title, including the meeting of all conditions precedent to the holding of the office. People ex rel. Phelps v. Kerstein, 413 Ill 333, 339, 108 NE2d 915. However, if the complaint sets forth express grounds for challenge to the defendant, the answer need not justify (which is a complete step by step proof), but need only meet the challenged points. People ex rel. Koch v. Wilson, 346 Ill App 175, 179, 104 NE2d 559.

■ The plaintiff in quo warranto is not required to allege or set out any facts showing that the challenged act is unlawful. It is enough to allege the exercise of the right without lawful authority. And, as stated above,

such allegation may be by general charge of usurpation or by complaint of a specific illegal step in the obtaining of the office. Thus, no issues of fact are tendered by the complaint. It simply calls upon the defendant to show, either completely or specifically, by what authority he acts. The issues are created by the answer of the defendant. The burden is never upon the plaintiff to show defendant's failure. It is always upon the defendant to prove facts which either justify his office, or answer the specified charge made against him. People v. Lewistown Community High School Dist. No. 241, 388 Ill 78, 86, 87, 57 NE2d 486; People ex rel. Phelps v. Kerstein, 413 Ill 333, 336, 108 NE2d 915.

The statute provided that the provisions of the Civil Practice Act apply to quo warranto proceedings. Ill Rev Stats chap 112, § 15.

■ ■ In the instant case the amended complaint sets forth express grounds upon which defendant's right to his office was attacked. The intervening petition challenged the office in general terms. It became necessary for defendant, upon the denial of his preliminary motions, to answer the charges, expressly, so far as the complaint was concerned, and by justification, so far as the intervening petition was concerned. The attaching of justifying papers to the motion of dismissal was not an answer, or a plea, to either the complaint or intervening petition. Ill Rev Stats, chap 110, § 33; Christo v. Nichola, 183 Ill App 486, 488. Only by a proper pleading are the issues created from which the trial proceeds. Warnes v. Champaign County Seed Co., 5 Ill App2d 151, 156, 124 NE2d 695.

■ In an almost parallel situation, the Supreme Court has ruled that where a defendant withdraws his plea (as was done here) he is in default, and the people are entitled to a judgment of ouster. People v. O'Connor, 239 Ill 272, 277, 87 NE 1016.

█ The instant case has been pending since 1962. Innumerable hearings of motions and appeals have been held—all because of defendant's studious and ingenious avoidance of the issues, and his repeated refusals to create triable issues of fact. The court below properly found that the defendant had been given ample opportunity to answer the charges. The court was plainly justified in concluding that defendant stood in defiance of the orderly administration of justice. As in the earlier case cited, the defendant by the withdrawal of his plea and persistent refusal to answer the charges, stood in default. The order of ouster appealed from was properly entered, and it is affirmed.

Affirmed.

TRAPP, P. J. and CRAVEN, J., concur.