2 Ill. App.3d 102 (1971)
276 N.E.2d 131
ANGELO D. MISTRETTA, et al., Plaintiff-Appellants,
v.
VILLAGE OF RIVER FOREST, Defendant-Appellee.
No. 55066.
Illinois Appellate Court  First District.
October 19, 1971.
Sidney Z. Karasik, of Chicago, for appellant.
Charles L. Michod, of Chicago, for appellee.
Judgment affirmed.
Mr. JUSTICE STAMOS delivered the opinion of the court:
Plaintiffs appeal from a judgment entered in favor of defendant municipality in a zoning case and contend:
1. The doctrine of res judicata is inapplicable since plaintiffs base *103 their suit upon changes in surrounding areas which occurred after the prior litigation.
2. The trial court erred in excluding from consideration certain use changes of property in an adjacent municipality.
3. The findings of the trial court are against the manifest weight of the evidence.
Plaintiffs purchased the subject property in July, 1964. The property was zoned "Class A  Single Family"[*] and consisted of a 50' X 180' lot which was vacant and unimproved. In August, 1964, plaintiff filed an application for a zoning change which was denied. The circuit court of Cook County sustained the Zoning Board's denial and this court affirmed as reported in Mistretta v. Village of River Forest (1966), 78 Ill. App.2d 46. (A complete description of the property and surrounding area is contained in that opinion).
On May 13, 1969, plaintiffs instituted the present suit seeking declaratory relief. Plaintiff's amended complaint alleged the aforementioned facts and further alleged that on January 22, 1969, plaintiff petitioned the Board of Trustees of the Village of River Forest to amend the zoning ordinance and that the Village refused to grant such relief.
The amended complaint further alleged that certain "drastic changes" have taken place in the immediate vicinity of the subject property since the 1964 petition for rezoning which makes its present zoning classification oppressive, arbitrary and confiscatory and the plaintiffs have offered the property for sale, but have been unable to procure a purchaser due to unsuitability of the zoning classification.
The use changes since 1964 which allegedly rendered the zoning unsuitable were:
1. The replacement of the two-flat building opposite plaintiffs' property to the east by a 24-unit, five story condominium building.
2. The construction of a seven-story apartment building in Elmwood Park less than a block from plaintiffs' property.
3. The removal of a structure to the west of plaintiffs' property that screened the Paddle Wheel Restaurant parking lot.
4. The replacement of a single family residence one block to the east by an apartment building.
*104 On the basis of the foregoing allegations plaintiffs prayed for a declaratory judgment and injunction against the enforcement of the zoning ordinance as it pertained to the subject property.
Defendant's answer denied that the changes in the vicinity rendered the zoning unsuitable and that the property was not salable. In further answer defendant alleged that the action was barred by the prior lawsuit regarding the subject property.
At trial plaintiffs testified that they purchased the property with full knowledge of its zoning classification; that after they failed to obtain a zoning change in the initial litigation, they placed the property for sale with a real estate broker; and that although the property was advertised for sale approximately 30 times, only one inquiry was received. Plaintiffs further testified that if the court permitted a rezoning to "Class B-Multiple Family," they would erect a ten-unit apartment building on the property and reside in one of the units; that the present value of the property as zoned is $12,000  $15,000; and that if rezoned to "Class B" the property would be worth $40,000  $50,000.
It was stipulated that if plaintiffs' broker were to testify he would relate that the subject property was not salable under its present zoning because of the proximity of the condominiums to the east across the street, the apartment building in Elmwood Park, and the apartment building one block to the east. It was further stipulated that defendant's expert zoning witness would testify that the highest and best use of the subject property was single family as it had been zoned for 48 years. After hearing the foregoing testimony the trial court entered its order denying plaintiffs the relief requested and plaintiffs appeal.

OPINION
Plaintiffs contend that the trial court erred in its application of the doctrine of res judicata to the present litigation. They argue that the court failed to fully recognize the "drastic" nature of the change in circumstances occurring since the first litigation. These changes, they assert, made the second litigation unique.
 1-3 The essence of the doctrine of res judicata is the prevention of relitigation of the same matter between the same parties. (Schoenbrod v. Rosenthal (1962), 36 Ill. App.2d 112, 183 N.E.2d 188.) Where a former adjudication is relied upon as an absolute bar, there must be, as between the two actions, identity of parties, subject matter and causes of action. (Ray Schools-Chicago, Inc. v. Cummins (1958), 12 Ill.2d 376, 146 N.E.2d 42.) Where facts are alleged in a second complaint which arose after the termination of the prior litigation and the issue in the second litigation thus differs from the first, the former adjudication is *105 not a bar to the maintenance of the second suit. Seno v. Franke (1958), 16 Ill. App.2d 39, 46, 147 N.E.2d 469.
We are aware of no Illinois case which has applied these basic rules to facts resembling those before us. The cases which the parties cite are distinguishable. Other jurisdictions have refused to apply the doctrine of res judicata to zoning matters where circumstances have materially changed since the prior litigation. (City of Miami Beach v. Prevatt Supreme Court of Florida, 1957, 97 So.2d 473; Manilow v. City of Miami Beach District Court of Appeals of Florida, 1968, 213 So.2d 589; North American Holding Corp. v. Murdock (1957), 167 N.Y.S.2d 120.) Generally, this rule has been invoked only where the subsequent changes have resulted directly from zoning amendments and variations of surrounding property. Where, however, the only change alleged was an intensified use under a pre-existing zoning classification, it has been held that the changed circumstances were not "material." Smith v. City of Miami Beach (District Court of Appeals of Florida, 1968, 213 So.2d 281.
 4, 5 Where a zoning classification is twice challenged, we agree that the doctrine of res judicata should be applied unless plaintiff can show materially changed circumstances. To the extent that alleged changed circumstances arise solely from an intensified use of property within pre-existing zoning classifications, they cannot be deemed "material." The "drastic changes" described by plaintiff herein are of this nature. Plaintiff has cited no "material" changes, only predictable uses.
In analyzing the zoning scheme of River Forest in the initial litigation, the court by necessity had to consider the effect of the "Class B" and "Class C" property, as improved to its fullest maximum use, on the subject property. This is the same issue that plaintiffs would now have us consider. To enter upon such a consideration would be to relitigate matter previously ruled upon.
We therefore sustain the trial court's application of the doctrine of res judicata and affirm the judgment in favor of defendant. In view of the foregoing, we need not address ourselves to the remaining contentions.
Judgment affirmed.
LEIGHTON, P.J., and SCHWARTZ, J., concur.
NOTES
[*] Under the ordinances of the Village of River Forest, four zoning classifications are created therein:

Class A  single family
Class B  multiple dwelling or any use under A
Class C  commercial
Class CC  industrial