THE CITY OF CHICAGO, Plaintiff-Appellant, *v.* HARRIS TRUST & SAVINGS BANK, Trustee, *et al.*, Defendants-Appellees.

First District (5th Division)   Nos. 76-940, 76-491 cons.

Opinion filed December 30, 1977.

William R. Quinlan, Corporation Counsel, of Chicago (Daniel Pascale, Edmund Hatfield, and Jennifer S. Duncan, Assistant Corporation Counsel, of counsel), for appellant.

Hoffman & Davis, of Chicago (Edward J. Hladis and John L. Leonard, of counsel), for appellees.

Mr. JUSTICE LORENZ delivered the opinion of the court:

Plaintiff appeals from an order dismissing its complaint, which alleged that defendants were unlawfully using certain property as an open-air market and sought injunctive and other relief. On appeal, it contends that the trial court's dismissal of its complaint under the principle of *res judicata* was erroneous.

The following facts are pertinent to the disposition of this appeal.

Plaintiff filed its complaint on June 18, 1975, alleging in count I that defendants' outside sales of merchandise on the subject property, which is located at 2800 Columbus Avenue, violated section 10.3—1(1) of the Chicago Zoning Ordinance (Chicago, Ill., Municipal Code 1976, ch. 194A, art. 10, par. 10.3—1(1)). Under the terms of that ordinance and the fact that the subject property is located within a M1-1 Restricted Manufacturing District (Chicago, Ill., Municipal Code 1976, at 174B, Map. 18—1), all of the business conducted on the subject property must take place within completely enclosed buildings. Plaintiff prayed that defendants be compelled to discontinue their use of the subject property "for the purpose of outside sales * * *," and that a fine be imposed against defendants for each day the alleged violations existed. In count II of its complaint, plaintiff sought an injunction permanently restraining future violations, the appointment of a receiver, if necessary, the demolition of the premises, reasonable costs and attorney's fees, and such other relief as may be necessary.

On June 26, 1975, a hearing was held on an emergency motion by plaintiff. Although counsel for defendants was not present, a temporary order was issued barring the use of subject property as an open-air market. Defendants filed a petition to vacate this order, asserting as a good and meritorious defense that under the principle of *res judicata*, plaintiff's cause of action was barred by a judgment which had been entered on December 17, 1970 (Case No. 70 CH 55830). In that case, plaintiff prayed that defendants "discontinue use [*sic*] of premises for open air sales (*e.g.* 'Flea Market') * * *," since that use of the subject property was in violation of the same zoning ordinance cited in the instant case. After a hearing, the trial court found, *inter alia*, that defendants' use was a legitimate one which caused no adverse effect on surrounding property. The trial court then found the issues for defendants and against plaintiffs, and dismissed the complaint. In the instant case, after plaintiff filed its reply to defendants' petition in which it argued that its action was not barred by *res judicata*, a hearing was held and the order of June 26, 1975, was vacated.

Defendants next filed an answer, reasserting the defense of *res judicata* and moving to dismiss plaintiff's complaint. Plaintiff filed its reply, and the case was transferred by agreement of the parties to the same judge who had heard and decided the 1970 case. Following a hearing, the trial court dismissed the complaint, finding that the parties (with the exception of an added taxpayer), issues and subject matter involved in the case were all exactly the same as the ones which had been presented to the court in 1970, and that the instant case was therefore barred under the doctrine of *res judicata*. After plaintiff's petition for rehearing was denied, it filed this appeal, contending that the dismissal of its action was erroneous, since the doctrine of *res judicata* was improperly applied.

OPINION

■■ Plaintiff first argues that a comparison of the 1970 and 1975 actions reveals that the basis required for the application of the doctrine of *res judicata* does not exist. It concedes that a final judgment on the merits by a court of competent jurisdiction is an absolute bar to any subsequent action between the same parties or their privies involving the same cause of action. (*McCorkle v. McCorkle* (1972), 6 Ill. App. 3d 1053, 287 N.E.2d 134.) It argues, however, that in the instant case the requirement that the prior and subsequent causes of action be identical has not been met, since the 1970 judgment concerned the legality of a "flea market," whereas the instant suit was brought to challenge the operation of an "open-air market." We reject this argument as being based upon an essentially semantic distinction. A "flea market" is correctly defined as "an outdoor market * * *." (Webster's Third New International Dictionary 868 (1971).) Although the 1970 judgment order referred primarily to the use of the subject property as a "flea market," the court also referred to the conduct of "open-air sales of merchandise to the general public." Through this reference, the court obviously recognized the fact that defendants' operation could be correctly described as either a "flea market" or an "open-air market." Further, it is instructive to note the strong substantive similarity between plaintiff's 1970 complaint, which referred to defendants' use of the subject property for "open-air sales," and its 1975 complaint, which referred to defendants use of the property for "outside sales." Based on the foregoing, and the principle that the issues in a case are created by the pleadings (*People ex rel. Henderson v. Redfern* (1966), 75 Ill. App. 2d 196, 220 N.E.2d 323), it is clear that although the terminology used in the 1970 and 1975 cases is not the same, each case did involve the identical substantive cause of action.

■■ Plaintiff next argues that since the 1970 judgment simply ruled that the business defendants conducted on the subject property was a legitimate business, but did not expressly rule that the cited zoning

ordinance was invalid or unconstitutional, it cannot be used as a bar to the current action. We disagree. As defendants have pointed out, under Supreme Court Rule 366(b)(3)(i) (Ill. Rev. Stat. 1975, ch. 110A, par. 366(b)(3)(i)), the absence of express findings does not impair the validity of a judgment. In *City of Elmhurst v. Kegerreis* (1946), 392 Ill. 195, 64 N.E.2d 450, plaintiff's motion to strike an answer alleged that to the extent that a section of a zoning ordinance was found to prohibit his use, the ordinance was invalid. The Illinois Supreme Court ruled that the effect of the circuit court order sustaining plaintiff's motion and granting the relief requested was to hold the attacked section of the ordinance invalid, and that a second suit between the parties which alleged a violation of that same portion of the ordinance was, therefore, barred. In so ruling, the court held that it was immaterial that the circuit court had not expressly mentioned the invalidity of the ordinance, for it was the decision itself which was material. (392 Ill. 195, 208-09, 64 N.E.2d 450, 455-56.) In the instant case, we note that the answer defendants filed in the 1970 action alleged that the zoning ordinance cited by plaintiff was void insofar as it applied to prohibit their use of the subject property. When the trial court, in dismissing that action, found the issues for defendants and against plaintiff, it effectively found under *Kegerreis* that the cited zoning ordinance was void. It is therefore proper that the 1970 judgment act as a bar to the subsequent action brought by plaintiff charging again that defendant's use is a violation of the same ordinance. See *Bernick v. Chicago Title & Trust Co.* (1945), 325 Ill. App. 495, 501, 60 N.E.2d 442, 444.

■■ Plaintiff argues, however, that the 1970 judgment constitutes "spot zoning" which is zoning that is applicable only to a small area, and is out of harmony with comprehensive planning for the good of the community. (*Lancaster Development, Ltd. v. Village of River Forest* (1967), 84 Ill. App. 2d 395, 228 N.E.2d 526.) Plaintiff argues that as spot zoning by a legislative body is prohibited (*Bright v. City of Evanston* (1965), 57 Ill. App. 2d 414, 206 N.E.2d 765), a judgment or order which is spot zoning should be one which is beyond the inherent power of the judiciary to make, and is therefore void and subject to direct or collateral attack. (*Barnard v. Michael* (1945), 392 Ill. 130, 63 N.E.2d 858.) We note that although plaintiff may attempt to characterize the 1970 judgment as "spot zoning," courts do have the power to find that a zoning ordinance is invalid as to a particular parcel of land, and to restrain its enforcement as to that parcel. (*Village of Skokie v. Almendinger* (1955), 5 Ill. App. 2d 522, 126 N.E.2d 421.) Further, if the facts of a case indicate that the gain to the public from a continuation of an existing restriction is small when compared with the hardship imposed upon a property owner, the court is

fully justified in declaring the ordinance to be unreasonable and void. (*Hartung v. Village of Skokie* (1961), 22 Ill. 2d 485, 177 N.E.2d 328.) Plaintiff has correctly pointed out that zoning is primarily a legislative matter clothed with the presumption of validity (*People ex rel. Kreda v. Fitzgerald* (1975), 33 Ill. App. 3d 209, 338 N.E.2d 76), and that the person challenging an ordinance must show by clear and convincing evidence that the ordinance is arbitrary and unreasonable. (*Reeve v. Village of Glenview* (1963), 29 Ill. 2d 611, 195 N.E.2d 188.) However, if the presumption of validity owed to zoning ordinances was not followed or the relevant burden of proof was not met in the 1970 case, it would have been appropriate for plaintiff to use one of the available appellate procedures. Instead, plaintiff now seeks to collaterally attack the earlier judgment over five years after its entry. Since, under these circumstances, every presumption of validity must be indulged in favor of that judgment (*City of Chicago v. Provus* (1969), 115 Ill. App. 2d 176, 185-86, 253 N.E.2d 182, 186), we cannot now say that the 1970 judgment was unreasonable or void.

■■■ Finally, plaintiff argues that *res judicata* was improperly applied since the use of the subject property was a continuing nuisance, which constituted a fresh nuisance each day that it existed. Plaintiff asserts that the trial court erred when it did not hear evidence indicating that from 1970 to 1975 there had been an intensification of the use of the subject property and a change in surrounding land uses, since that evidence would have indicated that a nuisance did in fact exist. Contrary to this assertion, however, the record indicates that the trial court did consider plaintiff's allegation that there had been an expanded use of the subject property and specifically found that such use did not prevent the application of *res judicata*. We note, in support of that finding, that the mere intensified use of property does not defeat the application of *res judicata* where a zoning classification is twice challenged. (*Mistretta v. Village of River Forest* (1971), 2 Ill. App. 3d 102, 276 N.E.2d 131.) Further, it is an established principle that an issue not presented to or considered by the trial court cannot be raised for the first time on review. (*Kravis v. Smith Marine, Inc.* (1975), 60 Ill. 2d 141, 147, 324 N.E.2d 417, 420.) Since this appeal is the first time in this case that any reference to a change in surrounding circumstances has been made, plaintiff's allegation of error clearly need not be considered by this court. More importantly, however, we reject plaintiff's argument that the classification of defendants' use of the subject property as a continuing nuisance would prevent the application of *res judicata*. To hold that a prior adjudication on the merits is not a bar to the relitigation of the same case simply because each day the alleged violation exists constitutes a separate and

distinct offense would be to defeat the purpose of the *res judicata* doctrine. *City of Chicago v. Provus* (1969), 115 Ill. App. 2d 176, 188-89, 253 N.E.2d 182, 187.

For the reasons given, we affirm the order of the circuit court.

Affirmed.

SULLIVAN, P. J., and MEJDA, J., concur.